[Cite as *Struckman v. Teays Valley Local School Dist. Bd. of Edn.*, 2019-Ohio-115.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| MICHAEL STRUCKMAN, | : | Case No. 18CA3 |
| Plaintiff-Appellant, | : | |
| v. | : | DECISION AND <u>JUDGMENT ENTRY</u> |
| BOARD OF EDUCATION OF TEAYS VALLEY LOCAL SCHOOL DISTRICT, ET AL., | : : | |
| Defendants-Appellees. | : | RELEASED 01/09/2019 |

<u>APPEARANCES</u>:

Richard T. Ricketts and Andrew C. Clark, Ricketts Co., LPA, Pickerington, Ohio, for appellant.

Victoria Flinn McCurdy, Sue W. Yount, and James P. Schuck, Bricker & Eckler LLP, Columbus, Ohio, for appellees.

Hoover, J.

{¶1}    This Court previously affirmed the judgment of the Pickaway County Court of Common Pleas which dismissed the complaint of plaintiff-appellant Michael Struckman ("Struckman") against defendants-appellees, the Board of Education of Teays Valley Local School District, the members of the school board in their representative capacity, and the superintendent of the school district in his individual and representative capacities (collectively "Teays Valley"), for breach of a real estate purchase contract. Struckman has since filed a Civ.R. 60(B) motion for relief from that judgment based on documents that he received in discovery in a related case brought against him by Teays Valley. Struckman claimed that he was entitled to vacation of the trial court's judgment dismissing his complaint because: (1) the letter sent by the superintendent to him notifying him of the district's intent to use the real property purchased

from him for school purposes and terminating his right to farm the property after his completion

of the 2015 harvest was neither approved nor properly issued since the board did not comply

with the Ohio Sunshine Law; and (2) new exhibits outside the parties' contract established that

the parties intended that Teays Valley purchase the property for use as a school site. The trial

court denied the motion without conducting an evidentiary hearing on the following grounds: (1)

laches barred the first claim; and (2) the court lacked authority to reconsider the issue of whether

parol evidence could be used to determine what the parties meant by the phrase "intended use" in

their real estate purchase contract.

{¶2}    On appeal Struckman contests the trial court's denial of his motion for relief from

judgment. For his Sunshine Law claim, we acknowledge that laches is inapplicable to a Civ.R.

60(B) motion for relief from judgment; however, case law demands that such rulings should be

construed as a ruling that the motion was not timely filed under the rule. Because we conclude

that the trial court did not err in determining that the motion was not timely filed, we reject

Struckman's challenge.

{¶3}    Struckman next contends that the trial court erred by denying his motion for relief

from judgment because new documents established his claim that the parties intended that the

property be used as the site for a new school. In our previous decision, however, we explicitly

held that the real estate purchase contract was unambiguous, thus rejecting Struckman's claim

that extrinsic evidence was admissible to establish the meaning of the contractual phrase at issue.

Therefore, consistent with the doctrine of law of the case, the trial court correctly denied

Struckman's Civ.R. 60(B) motion insofar as it pertained to the issue of whether parol evidence

could be used to determine the parties' intent.

{¶4} Therefore, we overrule Struckman's appeal and affirm the judgment of the trial court.

## I. Facts and Procedural Background[1]

{¶5} In May 2004, Struckman and Teays Valley executed a written purchase contract, wherein Teays Valley purchased approximately 70 acres of real estate from Struckman for $10,400. The parties agreed that Struckman would retain his right to farm the property. Paragraph 23 of the contract, in part, states: "* * * Furthermore, Seller shall be entitled to without charge from Buyer continue its Farming Activities on any part of the Real Estate purchased by Buyer **until Buyer commences construction on any such portion of the Real Estate or otherwise must occupy said portion of the Real Estate in connection with its intended use thereof.**" (Emphasis added.)

{¶6} On July 21, 2015, Robin Halley, the superintendent of the Teays Valley Local School District, wrote a letter to Struckman to confirm the school district's intent to begin occupying the property and that Struckman's farming rights would terminate at the conclusion of the 2015 farming season. Halley also stated, "The District's plans include the construction of a small facility on the site in conjunction with its occupancy and use of the property for the District's student FFA organization and other potential school-related or extracurricular functions."

{¶7} In March 2016, Struckman commenced this action by filing a complaint against the Board of Education of Teays Valley Local School District, the members of the school board in their representative capacity, and the superintendent of the school, individually and in his representative capacity. In his complaint, Struckman asserted the following counts against Teays Valley: breach of contract (Count One), specific performance (Count Two), declaratory relief

[1] Many of the preliminary facts are taken from our decision in the prior appeal in this case.

(Count Three), injunctive relief (Count Four), and willful, wanton and knowing breach of

contract (Count Five). In his complaint, Struckman asserted inter alia, the following background

facts:

> 8. It was specifically and affirmatively represented to Mr. Struckman that the Real Estate was being purchased for use as a future school site ("School Site").
>
> 9. Mr. Struckman would not have sold the Real Estate or entered into a contract for its sale for a purpose other than the use of the Real Estate by [Teays Valley] for a School Site.
>
> 10. Mr. Struckman agreed to sell the Real Estate to [Teays Valley] at an amount less than its fair market value, based on two material considerations and representations by [Teays Valley]:
>
> a. The Real Estate would be used for a School Site; and
>
> b. Struckman would have the right to continue to farm the Real Estate, at no additional charge, until such time as a school was developed on the Real Estate (collectively, "Express Considerations and Representations").
>
> 11. Plaintiff, as seller, and [Teays Valley], as buyer, entered into a Real Estate Purchase Contract for the sale and purchase of the Real Estate as a School Site. * * *
>
> 13. The Contract specifically provides at paragraph 23 as follows:
>
> "The Plaintiff shall be entitled to farm the Real Estate after the closing and so long thereafter until Defendant commences construction on or otherwise occupies the Real Estate in connection with its intended use". [sic]
>
> (Emphasis added.)
>
> 14. [Teays Valley] represented and warranted that the intended use of the Real Estate was for a School Site.

{¶8}    Struckman attached a copy of the purchase contract and the superintendent's July

21, 2015 letter to his complaint. Struckman also attached newspaper articles and letters published

by Teays Valley that aim to demonstrate Teays Valley's intention to use the property for a school

site. In his complaint, Struckman asserted that Teays Valley's intention to use the property for

purposes other than a school site are a breach of the parties' purchase contract and Teays Valley's express representations.

{¶9}    On March 25, 2016, Teays Valley filed a motion to dismiss Struckman's complaint pursuant to Civ.R. 12(B)(6). In its motion to dismiss, Teays Valley asserted the following arguments: (1) Struckman failed to state a claim against the individual members of the School Board and the school's superintendent; (2) the purchase contract does not require Teays Valley to build a school; (3) count five of the complaint must be dismissed because a claim for willful wanton and knowing breach of contract does not exist under Ohio law; and (4) punitive damages are not available for breach of contract.

{¶10}   Struckman filed a memorandum in opposition to Teays Valley's motion to dismiss, and Teays Valley filed a reply in support of its motion to dismiss.

{¶11}   On May 5, 2016, the trial court granted Teays Valley's motion to dismiss. In its decision, the trial court only addressed Teays Valley's second argument, i.e. that the purchase contract did not require Teays Valley to build a school on the property. The trial court concluded that the second argument was dispositive; thus, the other issues were rendered moot. In its decision, the trial court stated:

> Attached to Plaintiff's complaint as Exhibit A is the Real Estate Purchase Contract. A perusal of this contract shows that there is no reference whatsoever to the land being limited to use as a future school site. Plaintiff points to Paragraph 23 of the contract * * *[.]
>
> Plaintiff hangs his hat on the phrase "intended use." This phrase is not defined in the contract. Plaintiff also provides parol evidence in the form of newspaper articles about the land sale and letters between Plaintiff and Defendant. See Complaint Exhibits B–G.
>
> * * *
>
> Plaintiff claims that the term "intended use" is ambiguous, thus allowing the introduction of parol evidence. This Court does not find this term to be ambiguous

at all. The definition of intend is "to plan or want to do (something): to have (something) in your mind as a purpose or goal."
http://www.merriamwebster.com/dictionary/intend. Use is defined as "the act of using something." http://www.merriam-webster.com/dictionary/use. So here, TVLSD [Teays Valley] is simply stating that at some time, in the future, they plan to use this land. No specification is made as to what that use will be. Further, it seems doubtful that this paragraph would have even been inserted into the contract except to define the agreement for Plaintiff to farm the land for free until Defendant's plans for its own use came to fruition.  The purpose of the paragraph appears to be to establish Plaintiff's right to farm, not to limit Defendant's intended use in the future.

Plaintiff could have insisted, at the time of contracting, that the intended use be specified. He did not. The intention of building a school is simply never mentioned.

* * *

{¶12}   On appeal, in March 2017, we affirmed the trial court's Civ.R. 12(B)(6) dismissal of Struckman's complaint against Teays Valley for failure to state a claim upon which relief can be granted. *Struckman v. Bd. of Edn. of Teays Valley Local School Dist.*, 4th Dist. Pickaway No. 16CA10, 2017-Ohio-1177. In the appeal, Struckman argued that the contractual phrase "its intended use" is ambiguous and that it refers to Teays Valley's representation to him that the school district would use the property to build a new school; he claimed that because this phrase is ambiguous, the court should examine extrinsic evidence outside the contract to determine the intent of the parties. We rejected Struckman's claims at ¶ 25-27, because we found that the phrase "its intended use" was unambiguous so extrinsic evidence could not be considered in its interpretation:

First, it is clear that the purchase contract does not state both of the two "material considerations" that Struckman alleges the parties' agreed to. Nowhere in the purchase contract does Teays Valley promise to build a school on the property or agree that they may only terminate Struckman's farming rights in order to begin construction for a new school. While it is true that we must accept Struckman's factual allegations contained in his complaint, under the Civ.R. 12(B)(6) standard, Struckman's claims arise from the parties' purchase contract. As such, we must determine whether the purchase contract bars Struckman's claims from relief.

*Demeraski*, supra at ¶ 13. It is noteworthy that the purchase contract contains an integration clause in paragraph 20, stating that the purchase contract "embodies the entire agreement between Seller and Buyer * * *[.]"

Examining paragraph 23, the parties agreed that Struckman had the right to farm the property until one of the following occurred: (1) Teays Valley began construction on any portion of the property or (2) Teays Valley otherwise must occupy said portion of the property in connection with "its intended use thereof." We agree with the trial court's conclusion that the paragraph's intention is to establish Struckman's ability to farm the property for free until a certain time when Teays Valley sought to use the property they purchased. This is evidenced by the title of the paragraph, i.e. "<u>Farming Rights</u>". Our interpretation of the phrase "its intended use" is that Teays Valley could not arbitrarily occupy the property just to terminate Struckman's farming rights. Instead, Teays Valley must have occupied the property with the intent to use it for some envisioned purpose. We find this to be the only reasonable interpretation of paragraph 23. As such, we find that the language in paragraph 23 is unambiguous.

With the superintendent's letter to Struckman in July 2015, Teays Valley gave notice that they intended to beginning occupying and using a portion of the property. Struckman's entire complaint is based upon the assertion that Teays Valley's notice breached the terms of the purchase contract because they did not intend to use it as a site for a new school. Because we have found that the purchase contract did not contain a provision that Teays Valley must build a school on the property and the unambiguous nature of paragraph 23 allows for only the enforcement of the purchase contract's express terms, Struckman has failed to set forth a claim upon which relief can be granted. The parties' purchase contract presents an insuperable bar to relief on Struckman's breach of contract claims.

{¶13} In December 2017, the Supreme Court of Ohio declined to accept Struckman's appeal of our judgment for review. *Struckman v. Teays Valley Local School Dist. Bd. of Edn.*, 151 Ohio St.3d 1474, 2017-Ohio-9111, 87 N.E.3d 1271.

{¶14} On May 4, 2017, just a few months after our decision in *Struckman*, but before his Supreme Court appeal was resolved, Struckman filed a Civ.R. 60(B) motion for relief from the trial court's May 5, 2016 judgment dismissing his complaint against Teays Valley. He contended that in a related case filed by the school district against him, he obtained discovery responses pertinent to his claims in this case in October 2016, i.e., after the trial court had dismissed his complaint and while his first appeal was still pending in this court. Struckman asserted that these

newly discovered documents supported the following claims: (1) Superintendent Halley's July 21, 2015 letter to Struckman notifying him of the school district's intended occupation and use of the property to build a small facility for the student FFA organization and other potential school-related or extracurricular functions after his completion of the 2015 harvest was neither properly approved nor properly issued because the board "did not properly act on this issue by placing it on the agenda of a public meeting and acting upon it threat [sic], but rather authorized the action in violation of the Ohio Revised Code ('Sunshine Law Violations')"; and (2) multiple exhibits supported Struckman's contention that the parties' contract phrase "its intended use" meant the development of a school on the property and not anything else. Struckman attached several documentary exhibits to his Civ.R. 60(B) motion.

{¶15} Teays Valley filed a memorandum in opposition to the motion, in which it argued, among other reasons: (1) the trial court lacked jurisdiction to consider the motion because Struckman's appeal to the Supreme Court remained pending; (2) the trial court lacked jurisdiction to grant Struckman's Civ.R. 60(B) motion because doing so would be contrary to the law of the case settled by this court's ruling in his prior appeal; and (3) laches barred Struckman's motion. Struckman filed a reply in support of his motion. He also filed an affidavit of his counsel stating that he had received the documents from Teays Valley in discovery and attesting to the truth and accuracy of the copies of documents attached to his Civ.R. 60(B) motion.

{¶16} In February 2018, after the Supreme Court of Ohio did not accept Struckman's appeal from our earlier judgment, the trial court denied Struckman's Civ.R. 60(B) motion for relief from judgment without conducting an evidentiary hearing. The trial court held that laches barred review of Struckman's claim that the board's termination notice was defective and the

law-of-the-case doctrine precluded it from reviewing Struckman's claim concerning the

interpretation of the parties' purchase contract. This appeal followed.

## II. Assignments of Error

{¶17}   Struckman assigns the following errors for our review:

I. THE TRIAL COURT ACTED ARBITRARILY AND ABUSED ITS
DISCRETION WHEN IT FAILED TO APPLY THE CORRECT LEGAL
STANDARD KNOWN AS THE GTE TEST.

II. THE TRIAL COURT ACTED ARBITRARILY AND ABUSED ITS
DISCRETION WHEN IT DENIED THE CIV.R. 60(B)(1) THROUGH (5)
MOTION FOR RELIEF FROM JUDGMENT WITHOUT CONDUCTING AN
EVIDENTIARY HEARING.

III. THE TRIAL COURT ACTED ARBITRARILY AND ABUSED ITS
DISCRETION WHEN IT APPLIED THE DOCTRINE OF LACHES TO
PRECLUDE CONSIDERATION OF THE VALIDITY OF THE
TERMINATION NOTICE.

IV. THE TRIAL COURT ACTED ARBITRARILY AND ABUSED ITS
DISCRETION WHEN IT APPLIED THE LAW-OF-THE-CASE DOCTRINE
TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT
TO CIVIL RULE 60(B).

## III. Standard of Review and General Principles

{¶18}   Struckman's assignments of error contest the trial court's denial of his Civ.R.

60(B) motion for relief from judgment without conducting an evidentiary hearing.

{¶19}   A trial court possesses discretion when determining whether to hold a hearing

regarding a Civ.R. 60(B) motion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d

1102 (1996). Thus, an appellate court will not reverse a trial court's decision regarding a Civ.R.

60(B) evidentiary hearing absent an abuse of discretion. *Id.*  " 'Abuse of discretion' connotes an

unreasonable, arbitrary, or unconscionable decision." *State ex rel. Stine v. Brown Cty. Bd. of*

*Elections*, 101 Ohio St.3d 252, 2004–Ohio–771, 804 N.E.2d 415, ¶ 12. This standard is

deferential and does not permit an appellate court to simply substitute its judgment for that of the

trial court. *State v. Darmond*, 135 Ohio St.3d 343, 2013–Ohio–966, 986 N.E.2d 971, ¶ 34; *In re Jane Doe 1*, 57 Ohio St.3d 135, 138, 566 N.E.2d 1181 (1991); *Detty v. Yates*, 4th Dist. Ross No. 13CA3390, 2014-Ohio-1935, ¶ 20.

{¶20}   A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. *See, e.g., Peoples Bank, Natl. Assn. v. McGhee*, 4th Dist. Gallia Nos. 12CA11 and 13CA4, 2013–Ohio–3859, ¶ 7; *Detty* at ¶ 21. The movant bears the burden to demonstrate that he is entitled to a hearing regarding a Civ.R. 60(B) motion. *PHH Mtge. Corp. v. Northrup*, 4th Dist. Pickaway No. 11CA6, 2011–Ohio–6814, ¶ 28; *Detty* at ¶ 21.

> "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion."

*Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983), quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (1974); *accord Kay v. Marc Glassman, supra*. "Thus, the trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Id*. at 19.

{¶21}   To be entitled to a hearing, a movant must present operative facts to show all three of the following circumstances:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**IV. Law and Analysis**

## A. The Trial Court Did Not Abuse its Discretion by Holding that Struckman's Sunshine Law Claim Was Untimely

{¶22} In his third assignment of error and in part of his first and second assignments of error, Struckman asserts that the trial court abused its discretion in denying his Civ.R. 60(B) motion for relief from judgment by holding that laches barred his Sunshine Law claim.

{¶23} As an initial matter, we agree that laches is inapplicable to a Civ.R. 60(B) motion for relief from judgment, where claims of delay in filing the motion are governed by the reasonable-time standard set forth in the rule. *See Frantz v. Martin*, 8th Dist. Cuyahoga No. 92211, 2009-Ohio-2378, ¶ 16 (doctrine of laches inapplicable to claims of delay in filing a Civ.R. 60(B) motion for relief from judgment; instead, the reasonableness standard of Civ.R. 60(B) applies); *Cooper v. Data*, 5th Dist. Stark No. 1999CA00058, 1999 WL 1072169, *2 (Nov. 22, 1999) (a ruling that a Civ.R. 60(B) motion is barred by laches should be construed as a ruling that the motion was not timely filed under the rule).

{¶24} Nonetheless, in construing the trial court's laches ruling as a ruling that the motion was not timely filed, as instructed by the above-cited case law, we conclude that Struckman did not timely file the motion. To prevail on a motion for relief from judgment, the movant must establish that the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), no more than one year after the judgment sought to be vacated was entered. Civ.R. 60(B). Struckman filed his motion under Civ.R. 60(B)(1)-(5), and his motion was filed within one year of the May 5, 2016 trial court entry dismissing his complaint that he sought to vacate. However, a Civ.R. 60(B) motion can be untimely, even if filed within the one-year time period allowed by the rule, if it is not filed within a reasonable period of time after final judgment. What is reasonable under the circumstances depends on the

facts of each case. *Bennington v. Bennington*, 4th Dist. Scioto No. 99CA2686, 2000 WL 1556255, *3 (Oct. 13, 2000); *French v. Taylor*, 4th Dist. Lawrence No. 01CA15, 2002 WL 10544, *2 (Jan. 2, 2002). When a movant is aware that there are grounds for relief and delays filing the motion, the courts will require the movant to explain the reasons for the delay. *See, e.g., Kaczur v. Decara*, 8th Dist. Cuyahoga No. 67546, 1995 WL 428595, *4 (July 20, 1995) (Civ.R. 60(B) motion untimely filed when movant offered no reasonable explanation for a seven-month delay in filing the motion); *Drongowski v. Salvatore*, 8th Dist. Cuyahoga No. 61081, 1992 WL 252291, *2 (Oct. 1, 1992) (11-month delay in filing Civ.R. 60(B) motion held untimely because movant failed to provide any explanation). *Accord Frantz v. Martin* at ¶ 19 (P.J. Stewart, dissenting). Here, Struckman received the documents that supported his claim in October 2016, yet he did not file his Civ.R. 60(B) motion until May 2017. Furthermore, as the trial court noted in its decision, the documents could have been discovered much earlier through a pre-suit public-records request. We note that Struckman failed to offer a reasonable explanation for his delay in filing the motion or in retrieving the documents.

{¶25}   Based on the foregoing, we conclude that Struckman failed to timely file the motion; and the trial court did not abuse its discretion in denying Struckman's Civ.R. 60(B) motion for relief from judgment insofar as it raised his Sunshine Law claim. Accordingly, we overrule his third assignment of error and those parts of his first and second assignments of error related to this claim.

**B.  The Trial Court Did Not Abuse Its Discretion by Holding**

**That the Law-of-the-Case Doctrine Prevented Struckman from Raising**

**the Same Breach-of-Contract Claim He Previously Raised**

{¶26} In his fourth and part of his first and second assignments of error, Struckman contends that the trial court abused its discretion by denying his Civ.R. 60(B) motion for relief from judgment based on his claim that new documents established his claim that the parties intended that the property purchased by Teays Valley be used as the site for a new school so that his breach-of-contract claim should not have been dismissed. In essence, Struckman is attempting to relitigate his breach-of-contract claim based on his prior argument that the contract phrase "its intended use" was ambiguous and its meaning could be divined by the use of extrinsic evidence.

{¶27} Under the law-of-the-case doctrine, the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 28; *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15; *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). Consequently, "[w]here an appellate court has already ruled on an issue in a direct appeal, a trial court's 'reconsideration' of that same issue is inconsistent with the appellate court's exercise of jurisdiction and the doctrine of the law of the case." *State ex rel. Rogers v. Marshall*, 4th Dist. Scioto No. 05CA3004, 2008-Ohio-6341, ¶ 33 (applying this holding to the trial court's ruling on a Civ.R. 60(B) motion for relief from judgment), affirmed in *State ex rel. Cordray*.

{¶28} In *Struckman*, 2017-Ohio-1177, ¶ 4, 23-28, we expressly rejected Struckman's claim that he could use extrinsic evidence to interpret the parties' purchase contract phrase "its intended use" because the phrase is ambiguous. We explicitly held that the contested phrase was unambiguous, thus rejecting his claim that extrinsic evidence was admissible to establish the meaning of the contractual phrase.

{¶29}   Therefore, consistent with precedent, the trial court correctly denied Struckman's Civ.R. 60(B) motion insofar as it was premised on his same contractual claim. We overrule Struckman's fourth assignment of error, and the remaining parts of his first and second assignments of error.

## V. Conclusion

{¶30}   Having overruled all of Struckman's assignments of error, we affirm the judgment of the trial court denying his Civ.R. 60(B) motion for relief from judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:        Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court,

By: _____
      Marie Hoover, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**