[Cite as *In re L.S.*, 2020-Ohio-5516.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 20CA3719 |
| L.S. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Adjudicated Dependent Child | : | |
| | | **RELEASED 11/24/2020** |

_____

<u>APPEARANCES</u>:

D.S. and C.S., Chillicothe, Ohio, pro se appellants.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assisting Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

Hess, J.

{¶1} D.S. ("Father") and C.S. ("Mother") (collectively, the "parents") appeal from a judgment of the Ross County Court of Common Pleas, Juvenile Division in a dependency action regarding their child, L.S. After the parents stipulated that the child was dependent, the juvenile court adjudicated L.S. a dependent child and issued a dispositional order awarding temporary custody to non-relatives. A few months later, the court returned custody to Mother and closed the case. However, in January 2020, Mother filed a motion under Civ.R. 60(B) asking the court to vacate its prior orders. The parents now appeal from the judgment overruling that motion.

{¶2} Initially, the parents contend that the juvenile court lacked jurisdiction to issue the adjudicatory and dispositional orders because it did not conduct a dispositional hearing within 90 days after the complaint was filed as required by R.C. 2151.35(B)(1), and the parents claim that they did not expressly waive that requirement. Any error the juvenile court made in proceeding on the dependency complaint after the

deadline passed renders its resulting decisions voidable, not void. Because the parents could have argued that the court violated R.C. 2151.35(B)(1) in a direct appeal from the court's dispositional order, res judicata bars them from raising the issue in this appeal.

{¶3} The parents also assert that the juvenile court erred when it denied the January 2020 motion. Res judicata bars some of the arguments in the motion, and to the extent the motion was based on information previously outside of the record, it did not contain allegations of operative facts which would warrant relief under Civ.R. 60(B). Accordingly, the court did not err when it overruled the motion without a hearing.

{¶4} Next, the parents maintain that the juvenile court erred when it adjudicated L.S. a dependent child because the court did not comply with Juv.R. 29 when it accepted the dependency stipulations, one of Mother's former attorneys stipulated to dependency on her behalf under conditions to which she did not agree, and the stipulations were made under duress. Mother did not make the first or second claims in the January 2020 motion, and they are barred by res judicata. Mother made the third claim in her motion, but as previously indicated, the court properly overruled it.

{¶5} Finally, the parents assert a September 19, 2018 shelter care order did not contain proper findings on what reasonable efforts the Agency made to prevent L.S.'s removal. Mother did not make this argument in the January 2020 motion, and res judicata bars the argument because it could have been raised in a direct appeal from the dispositional order. Accordingly, we overrule the assignments of error and affirm the juvenile court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶6}    Mother and Father are the parents of L.S., and Father has three other children with A.S.—K.S., Ma.S., and Me.S.  On September 5, 2018, a caseworker at South Central Ohio Job & Family Services, Children's Division (the "Agency") filed a sworn complaint alleging that L.S., age 5, was a dependent child.  According to the complainant's statement of facts, there was a pending criminal investigation regarding a report that Father had sexually abused K.S., and Ma.S. and Me.S. had reported ongoing domestic violence in the home which often occurred in the presence of L.S.  The complaint requested a disposition of temporary custody of L.S. to the Agency or a suitable relative.  Father's other children were the subject of separate proceedings; appeals related to those proceedings are pending in Ross App. Nos. 20CA3709, 20CA3710, and 20CA3711.

{¶7}    Based on the information in the complaint, a magistrate issued an ex parte order granting the Agency temporary custody of L.S. The next day, the magistrate conducted a shelter care hearing at which the parents requested temporary placement with nonrelatives, T.S. and B.S. On September 19, 2018, the magistrate issued a shelter care order finding that the child was at "imminent risk," that "there was no opportunity to provide preventive services," that the Agency "made reasonable efforts to prevent the placement and removal of the child from the home or to make it possible for the child to remain in the home," and that "continued residence of the child in or return to the home would be contrary to the child's best interest and welfare."  The magistrate continued temporary custody with the Agency but ordered it to investigate possible placement with T.S. and B.S. Mother and Father requested findings of fact and

conclusions of law, and Mother moved the court to set the shelter care order aside. The court overruled the requests and motion. In the meantime, the magistrate had placed the child in the temporary custody of T.S. and B.S. on the recommendation of the Agency, which had completed the ordered investigation.

{¶8} In November 2018, the magistrate issued a continuance entry, signed by the parents and their attorneys, which stated that the parents "waived the time in this case with regard to adjudication and disposition." In January 2019, the magistrate conducted an adjudicatory hearing at which the parties stipulated that the conditions in the parents' home warranted a finding of dependency and that the family was in need of services when the case was filed. After the hearing, Mother's counsel moved to withdraw, and the magistrate granted the motion and appointed new counsel. Based on the stipulation, the magistrate then adjudicated L.S. a dependent child, and the same day, the juvenile court issued an adjudicatory order that adopted the magistrate's decision. Mother, acting pro se, filed requests for findings of fact and conclusions of law, filed objections to the magistrate's adjudicatory decision, and moved the court to set the magistrate's decision aside. Mother claimed former counsel had stipulated to dependency on her behalf on the condition that she receive two hour visits every Saturday, but she had told counsel that she would only consider a stipulation if she got unsupervised overnight visits every weekend starting on Friday evening and ending on Sunday evening. Subsequently, Mother's new counsel moved to withdraw, the court granted the motion, Mother filed a pro se "notice of refusal of court appointed counsel," and she represented herself during the remainder of the proceedings.

{¶9}   On March 25, 2019, Mother filed an "emergency motion to dismiss and vacate," purportedly under Civ.R. 60(B)(3) and (B)(5). Among other things, Mother alleged that in sworn complaints, Agency caseworkers had knowingly made false statements, misrepresented facts, and omitted material information in order to obtain ex parte removal orders for the four children.  Mother suggested ex parte removal was not warranted, claimed the Agency did not make reasonable efforts to prevent removal, and again asserted former counsel had stipulated to dependency under conditions to which she did not consent.

{¶10} The juvenile court overruled Mother's request for findings of fact and conclusions of law, objections, and motion to set aside the magistrate's adjudicatory decision, and the court set the March 2019 motion to dismiss for hearing at the same time as the April 29, 2019 dispositional hearing. On April 30, 2019, the magistrate issued a dispositional decision that overruled the motion to dismiss and ordered that L.S. remain in the temporary custody of T.S. and B.S.  The same day, the juvenile court issued a dispositional order that adopted the magistrate's decision. Mother filed objections to the magistrate's dispositional decision and moved to set it aside, asserting among other things that the magistrate had overruled the motion to dismiss without giving her an opportunity to present evidence in support of that motion during the April hearing.  Mother also moved for a return of custody to her on the basis that she had secured separate housing from Father and had his permission to move to Virginia with L.S.

{¶11} In June 2019, the court issued an entry stating that it had reviewed the transcript from the April 29, 2019 hearing and that it was "not clear" that Mother

received "an adequate opportunity to address all matters pending for hearing" on that date. The court scheduled a hearing for July 23, 2019, "to consider the disposition in this case," the motion to dismiss, and the motion to return. At the hearing, Mother testified about many of the allegations in her motion to dismiss. She also claimed appointed attorneys had engaged in fraud in the inducement because they "insisted Children Services would eventually terminate my parental rights unless I bow down to CPS and stipulate to a dependency." At one point, Mother began to quote Civ.R. 60(B), and the court interrupted her and stated, "I've already overruled your 60B Motion, so I don't want to hear that." Mother said, "Okay," and the court said, "Your 60B was overruled by separate entry so were [sic] not going to consider that." However, prior to the end of the hearing, the court said, "Other than what you've stated while on the witness stand, do you have any other argument as why you [sic] should grant the motion to dismiss?" Mother said, "No. Just solely that they did not make reasonable efforts. They did not comply with statutory law."

{¶12} On July 24, 2019, the juvenile court issued an entry overruling Mother's objections to and motion to set aside the magistrate's dispositional decision and overruling the motion to dismiss. The court found that at the adjudicatory hearing, Mother "acknowledged to the Magistrate that she was stipulating to a finding of dependency," and the court found that her "allegations of fraud, misrepresentation by [Agency] caseworkers are not credible." The court issued a separate entry that granted the motion to return, placed L.S. in the legal custody of Mother, terminated protective services, and closed the case.

{¶13} In January 2020, Mother filed a "motion to vacate" all judgments, orders, and proceedings in the case under Civ.R. 60(B)(3) and (B)(5).  Mother alleged that the Agency, with the aid of a prosecutor, obtained ex parte removal orders for the children by giving the court false information, misrepresenting facts, and omitting material information.  She also claimed that the Agency had repeatedly failed to give the court material information that could have significantly impacted its decisions.  Mother alleged that the Agency's investigation was insufficient to "determine the risk, safety, and/or well-being of the children," so it did not have "sufficiently credible information to determine that the children were in immediate/imminent danger" or probable cause for the ex parte removal orders.  In addition, Mother alleged that the Agency did not make reasonable efforts to prevent removal before it obtained the ex parte orders. She claimed an August 2019 administrative case review report from the Ohio Department of Job and Family Services ("ODJFS") supported her motion.  She submitted a redacted copy of the report which indicates that the purpose of the administrative review was to evaluate the Agency's compliance with the Ohio Revised Code and Ohio Administrative Code and "to assess casework practice and service provision."  The report identified various issues with the Agency's actions, including deficiencies regarding investigation activities, risk and safety assessments, and case planning.  Mother also alleged that the Agency and its representatives had retaliated against the parents, and their dependency stipulations were made "under duress as a result of coercion and threat."  She claimed the parents "were told evidence doesn't matter and they faced the threat that [the Agency] would terminate their parental rights if they didn't stipulate to dependency." Mother requested an evidentiary hearing on her motion.

{¶14} On April 29, 2020, the juvenile court overruled Mother's motion, finding res judicata barred the motion because it "essentially makes the same allegations" in the March 2019 motion, and Mother failed to appeal the decision overruling that motion. The court also found Mother had not established a meritorious defense. The court stated it was "clear" Mother and L.S. had been living with Father, who allegedly raped his then 11-year-old daughter, and the January and July 2019 hearing transcripts indicated that Mother knowingly and voluntarily stipulated to a finding of dependency. The court noted that the ODJFS report had "not been verified," that the report was "highly redacted," and that nothing in it indicated that "the judgment, order or proceeding in this case was without merit," that Mother had a meritorious defense, or that Mother could prove fraud. The parents now appeal from the April 29, 2020 judgment.

## II. ASSIGNMENTS OF ERROR

{¶15} The parents present the following assignments of error:

**Assignment of Error No.1**

The trial court abused its discretion in overruling the Civ.R. 60(B) motion.

**Assignment of Error No. 2**

The trial court erred in adjudicating L.S. a dependent child when Mother's attorney stipulated to conditions that Mother did not agree to, and where the stipulations were procured by intimidation, threats, and coercion.

**Assignment of Error No. 3**

The adjudication and disposition decisions of the trial court are void judgments, as the trial court did not possess authority or jurisdiction to enter judgement [sic].

**Assignment of Error No. 4**

The trial court erred by not making proper reasonable efforts findings at shelter care.

For ease of discussion, we address the assignments of error in a different order.

## III.  JURISDICTION

**{¶16}** In the third assignment of error, the parents contend that the juvenile court's adjudicatory and dispositional orders are void.  The parents assert that pursuant to R.C. 2151.35(B)(1), the court had to dismiss the complaint without prejudice because the court did not conduct the dispositional hearing within 90 days after the complaint was filed. They claim that in *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, the Supreme Court of Ohio held that the statute imposes a mandatory deadline and that noncompliance is fatal to the authority and jurisdiction of the juvenile court. The parents maintain that even though they signed the continuance entry stating that they waived the time for adjudication and disposition, they did not expressly waive the 90-day deadline, so all decisions issued after the deadline passed are void.

**{¶17}** "The traditional rule long followed in Ohio is that a void judgment is one entered by a court lacking subject-matter jurisdiction over the case or personal jurisdiction over the parties." *State v. Hudson*, ___ Ohio St.3d ___, 2020-Ohio-3849, ___ N.E.3d ___, ¶ 11, citing *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, ___ N.E.3d ___, ¶ 4.  "When a case is within a court's subject-matter jurisdiction and the parties are properly before the court, any error in the exercise of its jurisdiction renders the court's judgment voidable, not void."  *Id.*, citing *Harper* at ¶ 26.  "In general, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Id.*, citing *Harper* at ¶ 26.  "Subject-matter jurisdiction is defined as a court's power to hear and decide cases."  *Fairland Assn. of Classroom Teachers, OEA/NEA v. Fairland Local School Bd. of Edn.*, 2017-Ohio-1098, 87 N.E.3d 605, ¶ 8 (4th Dist.).

"Personal jurisdiction is 'the power of a court to enter a valid judgment against an individual.' " *Bohl v. Hauke*, 180 Ohio App.3d 526, 2009-Ohio-150, 906 N.E.2d 450, ¶ 10, quoting *In re Shepherd*, 4th Dist. Highland No. 00CA12, 2001 WL 802209, *4, fn. 1 (Mar. 26, 2001).

**{¶18}** The parents' argument implicates the issue of subject-matter jurisdiction. Neither party raised this issue in the juvenile court, but "subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case" and "can never be waived and may be challenged at any time." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. " ' "The existence of the trial court's subject-matter jurisdiction is a question of law that we review de novo." ' " *Martindale v. Martindale*, 4th Dist. Athens No. 14CA30, 2016-Ohio-524, ¶ 27, quoting *Barber v. Williamson,* 4th Dist. Ross No. 11CA3265, 2012-Ohio-4925, ¶ 12, quoting *Yazdani-Isfehani v. Yazdani-Isfehani,* 170 Ohio App.3d 1, 2006-Ohio-7105, 865 N.E.2d 924, ¶ 20 (4th Dist.).

**{¶19}** R.C. 2151.23(A)(1) provides that the juvenile court "has exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be a[n] * * * abused, neglected, or dependent child." R.C. 2151.35(B)(1) states that in such cases, "[t]he dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed," and if the hearing "is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice." In *In re K.M.*, the Supreme Court of Ohio considered "whether R.C. 2151.35(B)(1) requires the dismissal of a case if a juvenile

court fails to conduct a dispositional hearing within 90 days of the filing of a complaint alleging that a child is abused, neglected or dependent." *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, ¶ 1. The court held that it does, *id.* at ¶ 1, and given the explicit statutory language, "there can be no implicit waiver of the 90-day limit," *id.* at ¶ 26. We recently explained that the court did not hold that the deadline is jurisdictional, that the statute does not clearly deprive a court of jurisdiction to hold a dispositional hearing after the deadline, and that the deadline may be expressly waived. *In re K.M.*, 4th Dist. Highland Nos. 20CA4 & 20CA6, 2020-Ohio-4476, ¶ 65-66. Thus, any error the juvenile court made in proceeding on the dependency complaint after the deadline passed in this case would render its resulting decisions voidable, not void.

**{¶20}** "Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time." *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 3. "An adjudication by a juvenile court that a child is * * * 'dependent' as defined in R.C. Chapter 2151, followed by an order of disposition under R.C. 2151.353(A), constitutes a 'final order' within the meaning of R.C. 2505.02." *In re A.B.*, 4th Dist. Washington No. 09CA17, 2009-Ohio-5733, ¶ 8, citing *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990), syllabus.

**{¶21}** Here, the juvenile court adjudicated L.S. a dependent child, and the court issued a R.C. 2151.353(A) dispositional order on April 30, 2019. The parents could have raised the claim that the juvenile court violated R.C. 2151.35(B)(1) in a direct appeal from that order, but neither parent timely appealed the dispositional order after the juvenile court overruled Mother's objections to the magistrate's dispositional

decision. *See generally* App.R. 4(A)(1) ("a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry"); App.R. 4(B)(2) (if a party in a juvenile proceeding files timely and appropriate objections to a magistrate's decision under Juv.R. 40(D)(3)(b), "the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings"). Thus, res judicata bars the parents from raising the issue in this appeal, and we overrule the third assignment of error.

## IV. CIV.R. 60(B) MOTION

**{¶22}** In the first assignment of error, the parents contend that the juvenile court abused its discretion when it overruled Mother's January 2020 Civ.R. 60(B) motion. The parents assert that the juvenile court erred in concluding res judicata barred the motion because it made the same allegations as the March 2019 motion, and no appeal was taken from the decision overruling that motion. The parents claim res judicata does not apply because the court did not "allow proper, fair, and impartial litigation" of the March 2019 motion because it set the matter for hearing in July 2019 but then "refused to permit litigation" of the motion. The parents assert that even though the March 2019 motion and January 2020 motion "raised similar allegations of operative facts," the January 2020 motion "raised substantive issues which the trial court had not previously considered." The parents also suggest that the court erred by overruling the January 2020 motion without a hearing because it contained allegations of operative facts which, if true, would warrant relief under Civ.R. 60(B).

**{¶23}** To the extent Mother challenges the denial of the January 2020 motion, we review the juvenile court's decision for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). "Abuse of discretion" means "an unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken." *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23. Father did not join the January 2020 motion, and to the extent he challenges the denial of it, he has forfeited all but plain error review, i.e., he must prove the court made an obvious error that affected his substantial rights, *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, and if he does, we may correct the error subject to the Supreme Court of Ohio's instructions that in civil cases, "the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

**{¶24}** Under Civ.R. 60(B), "[o]n motion and upon such terms as are just, the court may relieve a party * * * from a final judgment" under certain circumstances. A party moving for relief from judgment under Civ.R. 60(B) bears the burden to show that he or she is entitled to a hearing on the motion. *Struckman v. Bd. of Edn. of Teays Valley Local School Dist.*, 2019-Ohio-115, 128 N.E.3d 709, ¶ 20 (4th Dist.). If the motion " ' contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.' " *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d

809 (1983), quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th

Dist.1974). We have explained:

> To be entitled to a hearing, a movant must present operative facts to show all three of the following circumstances:
>
> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*Struckman* at ¶ 21, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio

St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "[I]f a Civ.R. 60(B)

motion raises issues that the movant could have challenged on direct appeal, then the

doctrine of *res judicata* prevents the movant from employing Civ.R. 60(B) as a means to

set aside the court's judgment." *Sydnor v. Qualls*, 2016-Ohio-8410, 78 N.E.3d 181, ¶

29 (4th Dist.).

{¶25} Res judicata bars some of the arguments in the January 2020 motion

because they could have been made in a direct appeal from the court's decisions

regarding the March 2019 motion. Mother's arguments that the Agency obtained ex

parte removal orders without telling the court that K.S. had been living outside the home

with Father's consent for almost three months prior to her removal, that Me.S. and

Ma.S. had been living in the home with the Agency's permission prior to their removal,

and that the Agency knowingly allowed L.S. to remain in the home after the removal of

her half-siblings are similar to arguments in the March 2019 motion. In addition,

Mother's arguments that the Agency lacked probable cause for the ex parte orders and

did not make reasonable efforts to prevent removal are similar to arguments made in

the March 2019 motion and at other times during the proceedings. The January 2020 motion repeated a claim Mother made during the July 2019 hearing that the Agency did not have knowledge of L.S.'s current condition when it obtained the ex parte order for her removal, and the motion repackaged her testimony at the hearing about her fraudulently induced dependency stipulation as a claim that her stipulation was made under duress. *See generally State v. Ervin*, 4th Dist. Highland No. 19CA7, 2019-Ohio-4708, ¶ 17 (res judicata implicitly bars repackaging evidence or issues that were or could have been raised on direct appeal). The contention that res judicata does not apply because the juvenile court halted Mother's testimony about the March 2019 motion during the July 2019 hearing is not well-taken. Although the court restricted Mother's testimony at one point, she had already testified at length about claims made in her motion, and before the end of the hearing, the court gave her the opportunity to make any other arguments she had regarding the motion.

**{¶26}** To the extent the January 2020 motion was based on information not previously in the record, i.e., the August 2019 report and information that Father also supposedly stipulated to dependency under duress, the parents have not shown that the motion alleged operative facts showing that Mother had a meritorious defense to present if relief was granted. " ' "[A] proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." ' " *Detty v. Yates*, 4th Dist. Ross No. 13CA3390, 2014-Ohio-1935, ¶ 24, quoting *Spaulding-Buescher v. Skaggs Masonry, Inc.,* 4th Dist. Hocking No. 08CA1, 2008-Ohio-6272, ¶ 10, quoting *Amzee Corp. v. Comerica Bank-Midwest,* 10th Dist. Franklin No. 01AP-465, 2002-Ohio-3084, ¶ 20. " 'The movant's burden is to allege

operative facts that would create a defense. The movant need not conclusively establish the defense at this stage.' " *Id.*, quoting *French v. Taylor,* 4th Dist. Lawrence No. 01CA15, 2002 WL 10544, *3 (Jan. 2, 2002).

**{¶27}** In their appellate brief, the parents suggest that they have a defense to the dependency claim because parents have fundamental liberty interests which are protected by the constitutional right to due process. The parents also assert that the Agency and a prosecutor retaliated against them on "numerous occasions" for asserting their parental rights and that the parents have "legitimate concerns" that the "negative" and "unlawful" judgments in this case will be used to retaliate against them in the future. The parents' liberty interests and the alleged retaliation are not a defense to the claim that L.S. was a dependent child because L.S.'s condition or environment was such as to warrant the state, in the interest of the child, in assuming guardianship. The parents also claim that the Agency used "unsubstantiated allegations, from a 2017 CPS case, to bolster the complaint used to obtain the ex parte order for L.S.'s removal." However, Mother made the claim about the use of these "unsubstantiated allegations" in the March 2019 motion, not the January 2020 motion.

**{¶28}** The parents' appellate brief includes a section on "allegations of operative facts" which appear to relate to the second requirement for Civ.R. 60(B) relief, i.e., entitlement to relief under one of the grounds in Civ.R. 60(B)(1) through (5). To the extent the parents intended to also argue that these allegations create a defense to the dependency claim, the argument is not well-taken. Some of the allegations were not in the January 2020 motion, such as arguments that the Agency knowingly ignored evidence (location data, text messages, and audio recordings), "still has not interviewed

any of the individuals who have information about the sexual abuse allegation being false," has evidence that the sexual abuse allegation is false, and refused safety plan options offered by Mother. Some of the parents' allegations are based on the 2019 ODJFS report, but as the juvenile court indicated, the redacted report does not contain operative facts that would create a defense to the dependency claim. The parents' general allegations that the January 2020 motion raised questions or concerns about the veracity of the complaint and statement of facts used to obtain the ex parte removal order for L.S., the adequacy of the Agency's investigation, the danger to L.S. at the time of her removal, and whether this proceeding was "initiated fraudulently, by misrepresentation and misconduct of a judicial officer and adverse party" are not operative facts that would create a defense to the dependency claim.

{¶29} The decision to overrule the January 2020 motion without a hearing was not unreasonable, arbitrary, or unconscionable. The juvenile court did not abuse its discretion, let alone commit plain error, when it overruled the motion. Accordingly, we overrule the first assignment of error.

## V. ADJUDICATORY ORDER

{¶30} In the second assignment of error, the parents contend that the juvenile court erred when it adjudicated L.S. a dependent child. They claim the court violated Juv.R. 29(D) when it accepted the dependency stipulations because it did not personally address them to ensure the stipulations were made voluntarily with an understanding of the nature of the allegations, consequences of their admissions, and rights being waived. Mother did not make this argument in the January 2020 motion, and the argument is barred by res judicata because the parents could have raised it in a

direct appeal from the court's dispositional order. The parents also assert that their stipulations were involuntary because they "were threatened with [the Agency] terminating their parental rights if they did not stipulate to dependency." But as we explained in the previous section, Mother raised this issue in her January 2020 motion, which the juvenile court properly overruled. Finally, the parents assert that when one of Mother's former attorneys entered the stipulation on her behalf, the attorney did so under conditions "that Mother was not aware of and did not agree to." This argument is barred by res judicata because Mother made it in objections to the magistrate's adjudicatory decision, which the juvenile court overruled, and the issue could have been raised in a direct appeal from the court's dispositional order. Accordingly, we overrule the second assignment of error.

## VI. SHELTER CARE ORDER

{¶31} In the fourth assignment of error, the parents assert that the September 19, 2018 shelter care order did not contain proper findings on what reasonable efforts the Agency made to prevent the child's removal. Mother did not make this argument in the January 2020 motion, and it is barred by res judicata because the parents could have raised the issue in a direct appeal from the court's dispositional order. Therefore, we overrule the fourth assignment of error. In doing so, we need not address arguments the parents made under this assignment of error that relate to the merits of the ex parte removal order because they are beyond the scope of the assigned error. *See State v. Nguyen*, 4th Dist. Athens No. 14CA42, 2015-Ohio-4414, ¶ 41 (an appellate court reviews "assignments of error and not mere arguments").

## VII.  CONCLUSION

{¶32} Having overruled the assignments of error, we affirm the juvenile court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**