[Cite as *In re K.K.*, 2021-Ohio-1689.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| IN RE: | : | |
| K.K., et al. | : | CASE NOS. CA2020-12-130 |
| | | CA2021-01-002 |
| | : | CA2021-01-003 |
| | : | O P I N I O N |
| | | 5/17/2021 |
| | : | |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. JN2018-0380, JN2018-0381, & JN2018-0435

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Jeanine C. Barbeau, P.O. Box 42324, Cincinnati, Ohio 45242, for appellant, mother

Garrett Law Offices, Dawn S. Garrett, 9435 Waterstone Boulevard, Suite 140, Mason, Ohio 45249, for appellant, father

Parachute Butler County CASA, Lorraine M. Search, 284 North Fair Avenue, Hamilton, Ohio 45011, guardian ad litem

**PIPER, J.**

{¶1} Appellants, A.T. ("Mother") and M.K. ("Father"), appeal a decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of their children to the Butler County Department of Job and Family Services ("the Agency").

{¶2} Mother and Father share two children, K.K. and M.K., and Mother has another child, D.T., by a different father. The Agency filed a complaint alleging that K.K. and D.T. were abused, neglected, and dependent children, and that M.K. was dependent after receiving information that the family home was unsafe for the children.[1]

{¶3} The Agency received temporary custody and the children were placed in foster care. Mother and Father agreed that K.K. and D.T. were neglected and dependent children, but would not agree that M.K. was dependent. Thus, the juvenile court scheduled a hearing on the matter. However, neither Mother nor Father appeared at the hearing. The juvenile court adjudicated M.K. dependent. Eventually, the trial court held dispositional hearings for the children and continued temporary custody of all three children to the Agency.

{¶4} In February 2020, the Agency filed motions for permanent custody of all three children. The matter was heard before a magistrate and the magistrate granted the Agency's motions. Mother and Father filed objections to the magistrate's decision. The juvenile court held a hearing, after which it overruled Mother's and Father's objections and adopted the magistrate's decision as an order of the court. Mother and Father each appeal the juvenile court's decision. We will address Father's first assignment of error, as we find it dispositive of the appeal.

{¶5} Father's Assignment of Error No 1:

{¶6} THE TRIAL COURT LACKED JURISDICTION TO TERMINATE APPELLANT'S PARENTAL RIGHTS AND THE MATTER MUST BE REVERSED AND REMANDED FOR MANDATORY DISMISSAL.

---

1. Mother gave birth to M.K. after the Agency initially filed its complaint regarding K.K. and D.T. Thus, the Agency subsequently filed an additional complaint regarding M.K.

{¶7} Father argues that the juvenile court should have dismissed the Agency's complaints once it failed to hold dispositional hearings within 90 days of the filing of the complaints. The record indicates that the Agency filed complaints regarding K.K. and D.T. on October 25, 2018. The Agency filed a complaint regarding M.K. on December 11, 2018. However, and the state does not deny, dispositional hearings were not held within 90 days of these dates for any of the children.[2]

{¶8} According to the version of R.C. 2151.35(B)(1) in place at the time of the proceedings,

> If the court at an adjudicatory hearing determines that a child is an abused, neglected, or dependent child, the court shall not issue a dispositional order until after the court holds a separate dispositional hearing. * * * The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed.

> If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice.

{¶9} The Ohio Supreme Court was asked to determine whether the 90-day timeframe set forth in the statute is discretionary or mandatory after some appellate districts had found that the statute did not prohibit a juvenile court from issuing orders even if the dispositional hearing occurred after the 90-day timeframe expired. *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995.

{¶10} The Ohio Supreme Court reversed these appellate districts and held that the timeframe listed in the statute is mandatory, not discretionary, and contains an "express limitation on a juvenile court's authority for failure to comply with a statutory deadline." *Id.*

---

2. The record indicates that the dispositional hearing for D.T. and K.K. was held on March 19, 2019 and that the juvenile court did not hold a dispositional hearing for M.K. until June 7, 2019.

at ¶ 23. Thus, the Ohio Supreme Court reversed the consolidated cases and remanded with instructions that the juvenile courts dismiss the complaints without prejudice for failure to hold the dispositional hearings within 90 days. *See also In re Z.S.*, 5th Dist. Perry Nos. 20-CA-00002 thru -04, 2021-Ohio-118, ¶ 22 (holding that "after the expiration of the ninety day deadline on October 23, 2018, the trial court had no authority to issue further orders except to journalize the dismissal of the case").

{¶11} In so deciding, the Ohio Supreme Court compared R.C. 2151.35(B)(1) to two other statutes where the timing aspect proscribed by the legislature was not mandatory or jurisdictional in nature. The court noted that a juvenile court is required by R.C. 2151.28 to hold an adjudicatory hearing no later than 30 days after the filing of a complaint, but noted that the statue also permitted a relaxed timeframe "for good cause shown." The court also considered R.C. 2151.414(A)(2), which expressly states that a "failure of the court to comply with the time periods * * * of this section does not affect the authority of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court."

{¶12} The *K.M.* Court compared R.C. 2151.35(B)(1)'s language to these two examples and found that unlike the two statutes, R.C. 2151.35(B)(1) did not include any language to allow "the court to act beyond the 90-day time limit." *In re K.M.* at ¶ 25. Instead, the *K.M.* Court determined that the plain language of the statute required dismissal after the expiration of the 90-day time frame, even if no party raised the issue to the trial court. "If the General Assembly had intended for a juvenile court to proceed with dispositional determinations beyond the 90-day time limit in R.C. 2151.35(B)(1), it could have added language to that effect. * * * In the absence of any such language here that allows the court to act beyond the 90-day time limit, we must apply the express mandate in R.C.

- 4 -

2151.35(B)(1) requiring dismissal of the complaints."  *Id.* at ¶ 24-25.

{¶13}  The Ohio Supreme Court addressed the analysis employed by the lower courts that found juvenile courts were permitted to act outside the 90-day timeframe.  These lower courts reasoned that the mothers in their cases had implicitly waived the 90-day requirement by cooperating with the agencies and even requesting that the dispositional hearing be set for a future date past the 90 days.  However, and given the mandatory nature of the timeline addressed in *K.M.*, the Ohio Supreme Court ultimately held, "there can be no implicit waiver of the 90-day limit."  *Id.* at ¶ 26.

{¶14}  Thus, *K.M.* specifically states that a parent cannot implicitly waive the juvenile court's requirement to hold the dispositional hearing within 90 days of the filing of the complaint and that a juvenile court must dismiss the complaint without prejudice should it fail to hold the dispositional hearing within the 90-day time frame, whether or not any party raises the issue.

{¶15}  While the state concedes that the juvenile court's hearings did not occur within 90 days of the complaint dates, the state relies on caselaw from other districts for the proposition that a parent can (1) waive the 90-day requirement, and (2) that a parent is barred by res judicata if he or she does not raise the issue with the juvenile court.

{¶16}  First, the cases cited by the state involve cases where the parents *expressly* waived the application of R.C. 2151.35(B)(1).  While the Ohio Supreme Court stated that there can be no implicit waiver of the 90-day timeframe, the court did not address whether express waiver is possible.  Appellate courts have since interpreted R.C. 2151.35(B)(1) to permit express waiver.  *See In re K.M.*, 4th Dist. Highland Nos. 20CA4 and 20CA6, 2020-Ohio-4476 (all parties orally waived the 90-day period in court and the trial court issued an entry that reiterated that both parents waived the 90-day dispositional requirement); and *In*

- 5 -

*re L.S.*, 4th Dist. Ross No. 20CA3719, 2020-Ohio-5516 (parents signed a continuance entry stating that they waived the time for adjudication and disposition).

{¶17} Whether we agree with our sister districts on this matter is not before us at this time because the state neither argues nor demonstrates that Mother or Father expressly waived the relevant timeframe. Thus, the state's reliance on the cases is misplaced because the facts of those cases are readily distinguishable and the courts' holdings inapplicable to the case sub judice.

{¶18} The state also claims that Father's argument is barred by res judicata because no party raised the 90-day issue to the juvenile court and neither parent filed an appeal from the juvenile court's disposition orders, which was a final appealable order.

{¶19} However, the case relied upon by the state to support the res judicata issue is also distinguishable because in that case, the parents signed a waiver form indicating an express waiver of the statutory requirement, continued with the proceedings, and then only raised the issue of the applicability of R.C. 2151.35(B)(1) after the child had been returned to the parents and they wanted the court's original dependency adjudication reversed. *In re L.S.*, 2020-Ohio-5516. In that case, the court considered that the parents signed a "continuance entry stating that they waived the time for adjudication and disposition," thus analyzing the issue pursuant to express waiver grounds. *Id.* at ¶ 16. We have no such grounds here.

{¶20} The law is well settled that Ohio's juvenile courts are statutory entities, able to exercise *only* those powers that the General Assembly confers upon them. R.C. Chapter 2151; *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶ 14. The law is also well settled that attacks on subject-matter jurisdiction cannot be forfeited and can be raised at any time, even for the first time on appeal. *Pilkington N. Am., Inc. v. Toledo Edison Co.*, 145 Ohio

St.3d 125, 2015-Ohio-4797.

{¶21} While dismissal of the complaints and the Agency's need to refile will deny the children permanency at this time, the *K.M.* Court explained,

> the General Assembly crafted a solution that balances the rights of parents with the interests of protecting children—it provided for dismissal of a complaint *without prejudice*, which allows an agency to refile a new complaint that very same day and marshal its evidence if it still has concerns about a child's welfare. We acknowledge the burden that a mandatory 90-day deadline in R.C. 2151.35(B)(1) may impose on the already-strained dockets of the juvenile courts. But regardless of the policy concerns raised by dismissal of the complaint, our duty is to apply the statute as written.

(Emphasis sic.) *In re K.M.* at ¶ 30. Like the Ohio Supreme Court, we must also apply the statute as written. Therefore, we find that the juvenile court erred by not dismissing the complaints without prejudice once it failed to hold the dispositional hearings within 90 days as required by R.C. 2151.35(B)(1). Thus, Father's first assignment of error is sustained.[3]

{¶22} Judgment reversed and the cause is remanded for further proceedings.

S. POWELL and HENDRICKSON, JJ., concur.

---

3. Given our disposition of Father's first assignment of error, his remaining assignments of error, as well as Mother's assignment of error, are rendered moot.