[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re K.K.*, Slip Opinion No. 2022-Ohio-3888.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3888

IN RE K.K. ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re K.K.*, Slip Opinion No. 2022-Ohio-3888.]

*Juvenile procedure—Former R.C. 2151.35(B)(1) does not divest a juvenile court of subject-matter jurisdiction when the court fails to hold a dispositional hearing within 90 days after a complaint alleging abuse, neglect, or dependency was filed—A parent's claim that a judgment rendered when a dispositional hearing was held after 90 days is barred by res judicata when the parent did not raise the claim before the juvenile court or in a direct appeal from the dispositional order—Judgment reversed and cause remanded.*

(Nos. 2021-0822 and 2021-0857—Submitted March 30, 2022—
Decided November 3, 2022.)

APPEAL from and CERTIFIED by the Court of Appeals for Butler County,
Nos. CA2020-12-130, CA2021-01-002, and CA2021-01-033, 2021-Ohio-1689.

_____

**KENNEDY, J.**

{¶ 1} This is a discretionary appeal from a judgment of the Twelfth District Court of Appeals and a certified-conflict case in which we have recognized that a conflict exists between the Twelfth District's judgment and the judgment of the Fourth District Court of Appeals in *In re L.S.*, 4th Dist. Ross No. 20CA3719, 2020-Ohio-5516. The questions presented relate to whether a judgment granting temporary custody of a child is void or voidable when the dispositional hearing was held beyond the 90-day limit set forth in former R.C. 2151.35(B)(1), 2016 Am.Sub.H.B. No. 410.

{¶ 2} The memorandum in support of jurisdiction originally presented two questions. The first question asks whether former R.C. 2151.35(B)(1) was self-executing with regard to the 90-day limit or whether the provision had to be invoked by court action or through the filing of a motion to dismiss. The second question asks whether the judgment of the appellate court can be retroactively applied. The merit brief failed to address the second proposition of law; therefore, it is deemed abandoned.

{¶ 3} The certified-conflict question asks whether, on an appeal from a judgment granting permanent custody, res judicata bars a parent from challenging the juvenile court's jurisdiction based on the court's failure to have held a dispositional hearing on the issue of temporary custody within 90 days of the filing of an abuse, neglect, or dependency complaint.

{¶ 4} Appellee A.T. is the biological mother of three minor children, K.K., D.T., and M.K. Appellee M.K. Jr. is the biological father of K.K. and M.K.

{¶ 5} The Butler County Department of Job and Family Services–Children Services Division ("the agency") received temporary custody of the minor children, K.K., D.T., and M.K., on the basis that they were abused, neglected, or dependent children. It is undisputed that the dispositional hearing granting the agency

temporary custody of the children occurred more than 90 days after the filing of the complaints for temporary custody.

{¶ 6} Pursuant to R.C. 2151.413(D)(1), the agency filed three motions for permanent custody of the children. The magistrate determined that it was in the best interest of the children to grant permanent custody to the agency. Both the mother and the father timely filed objections to the decisions of the magistrate. The juvenile-court judge overruled the objections and adopted the magistrate's decisions as the court's orders. Both the mother and the father appealed.

{¶ 7} The father first raised the issue that the juvenile court lacked subject-matter jurisdiction to grant permanent custody to the agency in his appeal of that judgment. He argued that because the dispositional hearings granting temporary custody to the agency were held more than 90 days after the complaints for temporary custody were filed, the juvenile court lacked subject-matter jurisdiction to grant the agency permanent custody. He asserted that the temporary-custody judgment is void, not voidable. The appellate court agreed, reversed the judgments of the juvenile court granting permanent custody of K.K., D.T., and M.K. to the agency, and remanded the matter to the juvenile court for further proceedings. We disagree.

{¶ 8} The statute in effect while this matter was pending in the juvenile court stated that a dispositional hearing on an agency's motion for temporary custody "may not be held" more than 30 days after the adjudicatory hearing was held but "shall not be held" more than 90 days after the complaint was filed. Former R.C. 2151.35(B)(1), 2016 Am.Sub.H.B. No. 410. The statute went on to state: "If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice." *Id*.

{¶ 9} " ' "It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the

judgment voidable." ' " *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12, quoting *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting), quoting *State v. Swiger*, 125 Ohio App.3d 456, 462, 708 N.E.2d 1033 (1998).  The language of former R.C. 2151.35(B)(1) is unambiguous.  It does not express an intent to divest the juvenile court of subject-matter jurisdiction if the court fails to hold the dispositional hearings within the 90-day limit.  Therefore, the juvenile court had subject-matter jurisdiction over the matters at issue in this case when it entered the judgments granting temporary custody of the children to the agency and the judgments are voidable, not void.

{¶ 10} Under the plain language of former R.C. 2151.35(B)(1), the juvenile court is required to dismiss the complaint after 90 days, even if no motion to dismiss has been filed.  But a juvenile court's failure to dismiss the complaint is an error in the exercise of the court's jurisdiction, not one that deprives the court of jurisdiction.  We therefore hold that because the mother and the father failed to timely object to the magistrate's decisions and appeal the judgments granting temporary custody of the children to the agency, those judgments are valid, and the current challenge to the juvenile court's jurisdiction is barred by res judicata.

{¶ 11} Consequently, we reverse the judgment of the Twelfth District Court of Appeals and answer yes to the certified-conflict question.  We remand the matter to the Twelfth District to address the remaining assignments of error.

## I. FACTS AND PROCEDURAL HISTORY

### A. *Juvenile-Court Proceedings*

{¶ 12} This appeal arises from judgments granting the agency permanent custody of all three children.  The mother and the father argue that the permanent-custody judgments and the judgments underlying the motions for permanent custody, that is, the judgments that held that the children were neglected and dependent and granted temporary custody of the children to the agency, are void

because the dispositional hearings were held more than 90 days after the complaints for temporary custody were filed.

{¶ 13} On October 25, 2018, the agency filed complaints in the Butler County Common Pleas Court, Juvenile Division, alleging that K.K. and D.T. were abused, neglected, and dependent children because the family home was unsafe. On December 11, the agency filed a complaint alleging that M.K. was a dependent child for the same reason. The agency was granted temporary custody of all three children on an emergency basis, and the children were placed in foster care.

{¶ 14} On March 19, 2019, a magistrate held an adjudicatory hearing. The mother and the father were informed of their right to be represented by counsel but declined representation.

{¶ 15} The mother and the father stipulated that K.K. was neglected and dependent, and the mother stipulated that D.T. was neglected and dependent. However, the mother and the father refused to stipulate that M.K. was dependent.

{¶ 16} The magistrate found that K.K. and D.T. were neglected and dependent and granted temporary custody of those two children to the agency. The magistrate explained that once the decisions were approved, they would be final unless timely objections were filed. An adjudicatory hearing regarding M.K was scheduled.

{¶ 17} The following day, the juvenile court adopted the magistrate's decisions, as allowed by Juv.R. 40(D)(4)(e). The court's orders also advised the parties of their right to object to the magistrate's decisions. The mother and the father did not file objections and did not appeal the final judgments of the juvenile court.

{¶ 18} On April 30, the magistrate conducted a required review hearing in K.K.'s and D.T.'s cases and an adjudicatory hearing on the complaint for the temporary custody of M.K. The mother and the father did not appear. In M.K.'s

case, the magistrate found that M.K. was dependent and scheduled a dispositional hearing.

**{¶ 19}** On June 7, the magistrate held another review hearing in K.K.'s and D.T.'s cases and a dispositional hearing in M.K.'s case. The mother and the father appeared and proceeded without counsel. The magistrate granted temporary custody of M.K. to the agency. The mother and the father were again told that they could file objections to the magistrate's decision.

**{¶ 20}** On June 10, the juvenile court adopted the magistrate's decision regarding the adjudication and disposition of temporary custody of M.K., as allowed by Juv.R. 40(D)(4)(e). The order was final and appealable. Again, the mother and the father were advised of their right to appeal.

**{¶ 21}** Neither the mother nor the father moved to dismiss the cases on the ground that the dispositional hearings had been held more than 90 days after the complaints were filed. *See* former R.C. 2151.35(B)(1). Neither the mother nor the father objected to the magistrate's decisions or appealed the juvenile court's judgments granting the agency temporary custody on that basis.

**{¶ 22}** On February 12, 2020, the agency filed motions for permanent custody in all three cases. In those motions, the agency alleged that the children had been in the agency's temporary custody for 12 or more months of a consecutive 22-month period. It further alleged that the children's parents were not able to provide adequate parental care. The agency stated that permanent commitment of the children to the agency was in the children's best interest.

**{¶ 23}** On September 29, an adjudicatory hearing was held on the agency's motions for permanent custody. The mother and the father were present and represented by counsel.

**{¶ 24}** On October 5, the magistrate found that placement of the three children in the permanent custody of the agency was in the children's best interest.

On the same day, the juvenile court adopted the magistrate's decisions granting permanent custody to the agency, as allowed by Juv.R. 40(D)(4)(e).

{¶ 25} The father and the mother timely filed objections to the magistrate's decisions. Neither the mother nor the father argued in those objections that the underlying judgments for temporary custody were void because the dispositional hearings had been held more than 90 days after the filing of the complaints for temporary custody.

{¶ 26} On December 15, the juvenile court held a hearing on the objections. The court heard arguments from the mother and the father, who were represented by counsel, the guardian ad litem, and the agency. Neither the mother nor the father raised the issue of the juvenile court's failure to hold the temporary-custody dispositional hearings within the 90-day limit in former R.C. 2151.35(B)(1).

{¶ 27} At the conclusion of the hearing, the juvenile court found that the magistrate did not err, overruled the objections, and adopted the decisions of the magistrate granting permanent custody of the children to the agency as final, appealable judgments of the court. The court journalized its judgments and notified the parties of their right to appeal. The mother and the father each appealed.

### B. Appellate-Court Proceedings

{¶ 28} The father argued in the court of appeals that the juvenile court had lacked jurisdiction to terminate his parental rights and that the matter should have been dismissed. Both the father and the mother argued that the order of permanent custody was against the manifest weight of the evidence. Finally, the father argued that the COVID-19 pandemic had affected his ability to reunify with his children and that he should have been given additional time to complete his plan to reunify with his children. After finding that the father's assignment of error arguing the lack of jurisdiction was dispositive, the appellate court declined to address the other assignments of error.

**{¶ 29}** The father argued, based on the plain language of former R.C. 2151.35(B)(1) and the holding of *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, that the 90-day limit in the statute is jurisdictional. The father maintained that the juvenile court had failed to comply with the statute by not holding the disposition hearing "until June 7, 2019, almost 6 full months after the case began." Therefore, he argued, the juvenile court lost subject-matter jurisdiction and any judgments, including the judgments granting the agency permanent custody of the children, entered after the 90th day were void. Consequently, the father asserted, the juvenile court should have dismissed the action. The appellate court agreed.

**{¶ 30}** Relying on *In re K.M.*, the appellate court determined that the juvenile court did not have jurisdiction to issue the temporary-custody orders. The appellate court stated that our decision in *In re K.M.* noted that there was an " 'express limitation on a juvenile court's authority for failure to comply with the statutory deadline.' " 2021-Ohio-1689, 172 N.E.3d 1083, ¶ 10, quoting *In re K.M.* at ¶ 23. The court of appeals held that because the dispositional hearings were not held until March 19, 2019, for D.T. and K.K. and June 7, 2019, for M.K., "the juvenile court erred by not dismissing the complaints without prejudice once it failed to hold the dispositional hearings within 90 days as required by [former] R.C. 2151.35(B)(1)." *Id.* at ¶ 21.

**{¶ 31}** The appellate court also rejected the agency's argument that the father's assignment of error related to jurisdiction was barred by res judicata. The court stated that an attack "on subject-matter jurisdiction cannot be forfeited and can be raised at any time, even for the first time on appeal." *Id*. at ¶ 20, citing *Pilkington N. Am., Inc. v. Toledo Edison Co.*, 145 Ohio St.3d 125, 2015-Ohio-4797, 47 N.E.3d 786, ¶ 22. The court held that because the juvenile court is a creature of statute that can "exercise *only* those powers that the General Assembly confers"

upon it (emphasis sic), *id*., the juvenile court had no authority to act once the 90-day limit had expired.

{¶ 32} The agency appealed the decision of the appellate court. We accepted the agency's appeal on two propositions of law, but as set forth above, only the first proposition of law remains:

> The language requiring dismissal for violations of the 90-day limit set forth in R.C. 2151.35(B)(1) is not self-executing since it requires the filing of a motion by the court, by the parties to the case, or by the child's guardian ad litem. As such, the 90-day limit is not jurisdictional.

*See* 164 Ohio St.3d 1440, 2021-Ohio-3233, 173 N.E.3d 1229.

{¶ 33} The Twelfth District also certified that its judgment was in conflict with a judgment of the Fourth District that held that an argument regarding the 90-day limit was barred by res judicata, since the parents had not raised the claim in a direct appeal from the dispositional order. *In re L.S.*, 4th Dist. Ross No. 20CA3719, 2020-Ohio-5516, ¶ 20.

{¶ 34} We agreed that a conflict exists, consolidated the certified-conflict case with the jurisdictional appeal, and ordered the parties to brief the following question:

> "According to the language in place prior to the April 12, 2021 amendment, does res judicata bar a parent's argument on appeal from a permanent custody determination that the juvenile court failed to abide by the 90-day limit set forth in R.C. 2151.353(B)(1) when the parent failed to raise the argument to the

9

juvenile court and failed to appeal an underlying abuse, neglect or dependency disposition?"

164 Ohio St.3d 1437, 2021-Ohio-3233, 173 N.E.3d 1218, quoting 12th Dist. Butler Nos. CA2020-12-130, CA2021-01-002, and CA2021-01-003 (July 12, 2021).

{¶ 35} Therefore, we examine only the agency's first proposition of law and the certified-conflict question.

## II. POSITIONS OF THE PARTIES

{¶ 36} The agency argues that when a parent fails to seek dismissal of a complaint for temporary custody because the juvenile court did not hold a dispositional hearing within 90 days of the filing of the complaint, the doctrine of res judicata bars the parent from raising the issue for the first time on appeal of a judgment awarding permanent custody to the agency. The agency advances two reasons: (1) because former R.C. 2151.35(B)(1) is not self-executing and its plain language requires action by a party or the court before the case is dismissed, the juvenile court is not divested of subject-matter jurisdiction and subsequent judgments by the court are voidable, not void, and (2) allowing a parent to challenge the untimely dispositional hearings after an award of permanent custody has been granted undermines and is inconsistent with the mission of the juvenile system to ensure the welfare of children. Neglected and dependent children need and are entitled to a stable, secure, and nurturing home.

{¶ 37} Relying on *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 153 N.E.3d 245, the father and the mother counter that the 90-day limit in former R.C. 2151.35(B)(1) is jurisdictional and the failure of the juvenile court to act timely divested it of its authority to act in the matter. They each contend that this court held in *In re K.M.* that the 90-day limit for holding a disposition hearing was mandatory and established the jurisdictional nature of the statute. They argue that because a juvenile court is a statutory entity, it may exercise only those powers

10

conferred upon it by the General Assembly. The father and the mother therefore maintain that the juvenile court was without authority to enter any dispositional judgment after the 90 days elapsed, that the judgments entered after 90 days are void, and that the late judgments may be challenged at any time.

### III. LAW AND ANALYSIS

#### A. Standard of Review

{¶ 38} The issue presented here is a narrow one: Did the failure of the juvenile court to hold the dispositional hearing within 90 days of the filing of the complaints for temporary custody, as required by former R.C. 2151.35(B)(1), divest the court of subject-matter jurisdiction over the actions, rendering all subsequent judgments void? Or was the failure to comply with former R.C. 2151.35(B)(1) an improper exercise of the juvenile court's subject-matter jurisdiction, rendering the judgments awarding temporary custody to the agency voidable. That is, if the challenge to a juvenile court's jurisdiction based on its failure to comply with former R.C. 2151.35(B)(1) is not made at the earliest opportunity, is it forfeited? This question returns us to a familiar place: statutory interpretation.

{¶ 39} "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12. "The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus.

#### B. Former R.C. 2151.35(B)(1)

{¶ 40} A public children-services agency that has been granted temporary custody of a child is required to file a motion for permanent custody when the child has been in the temporary custody of the agency for 12 or more months of a consecutive 22-month period. R.C. 2151.413(D)(1). The parties attack the

judgment granting permanent custody to the agency by asserting that the juvenile court did not have subject-matter jurisdiction, because the dispositional hearing on the motions for temporary custody occurred more than 90 days after the filing of the complaints for temporary custody.

{¶ 41} The statute at issue here, former R.C. 2151.35(B)(1), provided that if a juvenile court adjudicated a child to be abused, neglected, or dependent, the court was required to hold a separate dispositional hearing. The dispositional hearing could be held immediately after the adjudicatory hearing if the parties had been provided notice prior to the adjudicatory hearing that the dispositional hearing would be held immediately. Former R.C. 2151.35(B)(1). The statute then limited when the juvenile court could hold the dispositional hearing.

{¶ 42} "The dispositional hearing *shall not be held more than ninety days after the date on which the complaint in the case was filed*." (Emphasis added). *Id.* The statute stated that if the dispositional hearing was not held within 90 days, "the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice." *Id.*

### C.  In re K.M. *Is Factually Distinguishable*

{¶ 43} Recently, in *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, ¶ 1, 4-15, we consolidated two cases to consider whether former R.C. 2151.35(B)(1) required the dismissal of a complaint alleging that children were abused, dependent, or neglected if the juvenile court failed to hold the dispositional hearings within 90 days of the filing of the complaint. In each case, a magistrate made findings of dependency but failed to hold the dispositional hearings within the 90-day limit. *Id.* at ¶ 7, 12. During the proceedings, the parents moved to dismiss the complaints for the failure to comply with the 90-day limit. *Id.*

{¶ 44} We concluded that the statutory deadline was mandatory because the requirement that a complaint be dismissed without prejudice, either on a motion by a party or the guardian ad litem or on the court's own motion, was an "express

limitation on a juvenile court's authority." *Id.* at ¶ 23. We held that "the plain language of [former] R.C. 2151.35(B)(1) require[d] dismissal of a complaint without prejudice when the juvenile court fails to meet the 90-day dispositional deadline." *Id.* at ¶ 18.

{¶ 45} The mother and the father argue that *In re K.M.* guides the resolution of the matter before us. But the only guidance *In re K.M.* provides to the current dispute is that the 90-day limit is mandatory. The factual difference between the current cases and *In re K.M.* prevents its application here.

{¶ 46} In the cases at issue here, the mother and the father were present at the dispositional hearings on the agency's motions for temporary custody of the children. Neither parent asked for the dismissal of the complaints for temporary custody or filed motions seeking the dismissal of the agency's complaints. Nor did they raise an objection to the magistrate's decisions or appeal the juvenile court's judgments on the basis that the dispositional hearings were held after the expiration of the 90-day limit.

{¶ 47} The father did not raise the issue on appeal from the final order granting temporary custody but instead raised the issue for the first time on appeal to the appellate court after the decision on permanent custody was issued. Therefore, the issue is res judicata, unless the 90-day limit affects the subject-matter jurisdiction of the court.

### D. Subject-Matter Jurisdiction

{¶ 48} To resolve this case, we focus on whether the juvenile court lacked subject-matter jurisdiction. *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 12. " ' "It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable." ' " *Id.*, quoting *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting), quoting *Swiger*, 125 Ohio App.3d at 462, 708 N.E.2d 1033. "Generally, a voidable

judgment may be set aside only if successfully challenged on direct appeal." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28.

> Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, 34.  "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19.  Instead, "the focus is on whether the forum itself is competent to hear the controversy." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23.

*Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14.

{¶ 49} Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived or forfeited and may be challenged at any time.  *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).  Subject-matter jurisdiction is a condition precedent to a court's power to adjudicate and render judgment in a case, and "in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss," *Pratts* at ¶ 21.

{¶ 50} As the term suggests, " ' "jurisdiction over the particular case," ' " involves " ' "the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." ' " *Id.* at ¶ 12, quoting *Parker*

at ¶ 22 (Cook, J., dissenting), quoting *Swiger*, 125 Ohio App.3d at 462, 708 N.E.2d 1033. A judgment rendered by a court lacking jurisdiction over the particular case is merely voidable. *Id*. at ¶ 12.

{¶ 51} Therefore, we turn to the subject-matter jurisdiction of the juvenile court.

### E. Subject-Matter Jurisdiction of the Common Pleas Court, Juvenile Division

{¶ 52} The Ohio Constitution, Article IV, Section 4(B) provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." Therefore, the general subject-matter jurisdiction of Ohio courts of common pleas is defined by the legislature.

{¶ 53} The General Assembly created juvenile courts and gave them exclusive original jurisdiction over certain subject matters as courts of record within courts of common pleas. R.C. 2151.07 establishes Ohio's juvenile courts, and R.C. 2151.23(A)(1) vests them with "exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be a * * * neglected, or dependent child." Therefore, this matter, which involves the custody of K.K., D.T., and M.K following complaints alleging abuse, neglect, and dependency, is within the subject-matter jurisdiction of the juvenile court. *See In re J.J.,* 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 11.

{¶ 54} While former R.C. 2151.35(B)(1)'s requirement that the case be dismissed if the dispositional hearing is not held within 90 days is mandatory, that does not necessarily mean it is jurisdictional. To so conclude would conflate statutory timing requirements with subject-matter jurisdiction. As the United States Supreme Court has explained when examining procedural rules and statutory timelines:

"Courts, including this Court, * * * have more than occasionally [mis]used the term 'jurisdictional' to describe emphatic time prescriptions in [claim processing] rules * * *. Classifying time prescriptions, even rigid ones, under the heading 'subject matter jurisdiction' can be confounding. Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 454-455, 124 S.Ct. 906, 915, 157 L.Ed.2d 867 (2004) (citation, some internal quotation marks, and brackets omitted).

*Scarborough v. Principi*, 541 U.S. 401, 413-414, 124 S. Ct. 1856, 158 L.Ed.2d 674 (2004). Similarly, this court has in recent years clarified that "not all mandatory requirements are jurisdictional in nature." *In re R.B.*, 162 Ohio St.3d 281, 2020-Ohio-5476, 165 N.E.3d 288, citing *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 31. And "[i]n the absence of language clearly stating that the failure to comply with the timing provision creates a jurisdictional barrier, this court will be reluctant to find one." *Id.*, citing *May* at ¶ 24. Had the General Assembly intended to implicate the court's subject-matter jurisdiction, it could have included language to that effect. For example, R.C. 2151.353(F)(1), pertaining to the disposition of abused, neglected, and dependent children, states that the court "shall retain jurisdiction over any child for whom the court issues an order of disposition." Similarly, R.C. 2151.353(K) provides that "[t]he jurisdiction of the court shall terminate" one year after an order of disposition. The legislature has also provided in R.C. 2151.28(K) that "[t]he failure of the court to hold an adjudicatory hearing within any time period set forth in [R.C. 2151.28(A)(2)] does

16

not * * * provide any basis for attacking the jurisdiction of the court or the validity of any order of the court."

> [T]he Legislature must be assumed or presumed to know the meaning of words, to have used the words of a statute advisedly and to have expressed legislative intent by the use of the words found in the statute; * * * nothing may be read into a statute which is not within the manifest intention of the Legislature as gathered from the act itself; and * * * the court may write no limitations therein.

*Wachendorf v. Shaver*, 149 Ohio St. 231, 236-237, 78 N.E.2d 370 (1948). The fact that the legislature did not include any mention of the court's jurisdiction in former R.C. 2151.35(B)(1) shows that there was no express legislative intent to divest the juvenile court of its subject-matter jurisdiction for failing to comply with the 90-day timeframe. Therefore, the judgment is voidable, not void. Any error in the court's exercise of jurisdiction by failing to comply with the timing requirement is subject to challenge in a direct appeal.

### F. *The conflict case:* **In re L.S.**

{¶ 55} In *In re L.S.*, 4th Dist. Ross No. 20CA3719, 2020-Ohio-5516, ¶ 1, a complaint seeking temporary custody was filed in a juvenile court alleging that L.S. was a dependent child. Four months after the filing of the complaint, the magistrate held an adjudicatory hearing. L.S.'s mother and father stipulated that the child was dependent, and based on the stipulation, the magistrate adjudicated the child dependent. Three months later, the magistrate conducted the dispositional hearing and issued a decision ordering the child to remain in the custody of nonrelatives. The juvenile court subsequently granted the mother's motion for a return of custody, placed L.S. in the legal custody of the mother, and closed the case.

**{¶ 56}** Six months later, the mother filed a motion under Civ.R. 60(B) to vacate all judgments; the juvenile court denied the motion. The parents appealed, arguing in part that the juvenile court had lacked jurisdiction to issue a judgment of temporary custody outside the 90-day time limit in R.C. 2151.35(B)(1).

**{¶ 57}** The Fourth District rejected the parents' argument. It considered this court's decision in *In re K.M.,* 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, and concluded that the 90-day time limit in R.C. 2151.35(B)(1) did not implicate the subject-matter jurisdiction of the juvenile court and did not deprive the juvenile court of jurisdiction to hold a dispositional hearing after the 90-day time limit. Therefore, it held that "[a]ny error the juvenile court made in proceeding on the dependency complaint after the deadline passed renders its resulting decisions voidable, not void." *In re L.S., 2020-Ohio-5516*, at ¶ 19. The Fourth District concluded that because the mother could have raised the claim that the juvenile court violated R.C. 2151.35(B)(1) in a direct appeal from the dispositional order, res judicata barred her challenge. *Id*. at ¶ 21.

### G. *The Challenge to the Dispositional Order Awarding Temporary Custody Is Barred by Res Judicata*

**{¶ 58}** "[A]n adjudication that a child is neglected or dependent, followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a 'final order' for purposes of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02." *In re Murray*, 52 Ohio St.3d 155, 161, 556 N.E.2d 1169 (1990). And "an appeal of an adjudication order of abuse, dependency, or neglect of a child and the award of temporary custody to a children services agency pursuant to R.C. 2151.353(A)(2) must be filed within 30 days of the judgment entry pursuant to App.R. 4(A)." *In re H.F*., 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 18.

**{¶ 59}** The judgments granting the agency temporary custody of the children in this case were issued on March 20, 2019, for K.K. and D.T., and June

10, 2019, for M.K. Pursuant to App.R. 4(A)(1), the mother and the father had 30 days from those respective dates to file notices of appeal to challenge the juvenile court's failure to comply with the 90-day time limit in former R.C. 2151.35(B)(1). They did not.

{¶ 60} "[U]nless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong." *State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 494, 159 N.E.2d 594 (1927). "Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time." *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 3.

{¶ 61} Because the mother and the father failed to timely appeal the judgments of temporary custody, the judgments are valid and the current challenge is barred by res judicata.

### IV. CONCLUSION

{¶ 62} The language of former R.C. 2151.35(B)(1) did not express an intent to divest a juvenile court of subject-matter jurisdiction when the court fails to hold a dispositional hearing within the 90-day time limit. Therefore, the juvenile court had subject-matter jurisdiction when it granted temporary custody of the children to the agency; the judgments are voidable, not void. We further hold that because the mother and father failed to appeal the judgments granting temporary custody to the agency, the judgments are valid and the current challenge is barred by res judicata.

{¶ 63} Therefore, we reverse the judgment of the Twelfth District Court of Appeals and answer the certified question in the affirmative. We remand the matter to the court of appeals to address the remaining assignments of error.

Judgment reversed

and cause remanded.

DeWine, Donnelly, Stewart, and Brunner, JJ., concur.

O'Connor, C.J., concurs in judgment only.

Fischer, J., dissents, with an opinion.

_____

**Fischer, J., dissenting.**

{¶ 64} Cases involving the rights of parents are always difficult. Our juvenile courts are tasked with navigating a complex legal system to address important issues, like parental rights and the wellbeing of children, that often evoke strong emotional responses from all parties. Juvenile courts are required to work expeditiously, for the sake of the parents and the children involved. But they must also proceed cautiously and intentionally. The General Assembly has set forth procedures for juvenile courts to follow to properly balance the rights of parents against the interest of protecting children. In this matter, we must address whether a juvenile court's failure to comply with the requirement set forth in former R.C. 2151.35(B)(1), 2016 Am.Sub.H.B. No. 410 ("H.B. 410"), to hold a dispositional hearing within 90 days after the filing of a complaint alleging that a child is abused, neglected, or dependent renders an adjudication issued by that court after that deadline void or voidable.

{¶ 65} The majority opinion holds that a juvenile court's failure to comply with the 90-day dispositional-hearing requirement in former R.C. 2151.35(B)(1) renders any judgment issued voidable and thus that a parent cannot successfully challenge the judgment after the time for direct appeal has passed. While I would like to concur in that result because of the collateral consequences that could result from holding that an abuse, neglect, or dependency adjudication is void, respectfully, I cannot.

{¶ 66} Juvenile courts are creatures of statute and have no jurisdiction when the General Assembly has not provided it. The General Assembly has provided juvenile courts with exclusive jurisdiction over children who are alleged in a

complaint to be abused, neglected, or dependent. R.C. 2151.23(A)(1). But the General Assembly also stated in former R.C. 2151.35(B)(1) that if a juvenile court failed to hold a dispositional hearing for such allegations within 90 days after the complaint was filed, the court was required to "dismiss the complaint without prejudice." *See In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, ¶ 31. In *In re K.M.*, we held that now-former R.C. 2151.35(B)(1) created a mandatory deadline before which the juvenile court was required to hold a hearing. *Id*. at ¶ 31.

{¶ 67} Because the deadline in former R.C. 2151.35(B)(1) was mandatory, we held that any action taken by the juvenile court other than dismissing the complaint after it failed to hold the dispositional hearing within 90 days of the filing of the complaint was taken without authority. Thus, by declaring the deadline in former R.C. 2151.35(B)(1) mandatory, we in effect determined that the General Assembly had created a limitation on the juvenile court's subject-matter jurisdiction—its authority to hear *and decide* a case. Therefore, the juvenile court's failure to dismiss the case before us and its decision to resolve the case on the merits rendered the judgments void. *See State ex rel. Jones v. Farrar*, 146 Ohio St. 467, 66 N.E.2d 531 (1946), paragraph one of the syllabus; *State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27 (a judgment is void if a court lacks subject-matter jurisdiction over the case *or* personal jurisdiction over the defendant but is voidable if the court has subject-matter jurisdiction *and* personal jurisdiction over the defendant). Because the majority opinion concludes otherwise, I must respectfully dissent.

**Subject-matter jurisdiction includes**

**the authority to both hear *and decide* a case**

{¶ 68} We have most recently discussed void-or-voidable judgments in criminal cases involving sentencing. *See State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *Henderson*. But the concept applies in other

areas of law as well, including the area—abuse, neglect, and dependency proceedings—involved here. *See Miller v. Nelson-Miller,* 132 Ohio St.3d 381, 2012-Ohio-2845, 972 N.E.2d 568, ¶ 1 (when "a court possesses jurisdiction over the parties and subject matter, mechanical irregularities regarding the trial court's signature render the judgment voidable, not void"). The determination whether a judgment is void or voidable necessarily involves determining whether a court had jurisdiction to proceed. *See Harper* at ¶ 21, citing *Ex parte Shaw*, 7 Ohio St. 81, 82 (1857).

**{¶ 69}** To render a valid judgment, the court must have jurisdiction over the subject matter and the parties, *Std. Oil Co. of Indiana v. Missouri*, 224 U.S. 270, 274, 32 S.Ct. 406, 56 L.Ed. 760 (1912), which means that the court must have subject-matter jurisdiction over the case and personal jurisdiction over the parties. *Henderson* at ¶ 27. Once a court has both subject-matter jurisdiction over the case and jurisdiction over the parties to the case, the right to hear the cause is perfected and every action taken thereafter is but an exercise of that jurisdiction. *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384, 582 N.E.2d 992 (1992); *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 498-499 (1854). If the court "proceed[s] without jurisdiction," *id*. at 498, then "its judgment is void," *id*. at 499; *Henderson* at ¶ 34. But if the court has jurisdiction, then the judgment is merely voidable. *Sheldon's Lessee* at 499; *Henderson* at ¶ 37.

**{¶ 70}** Despite the majority opinion's contention otherwise, "[s]ubject-matter jurisdiction of a court connotes the power to hear *and decide* a case upon its merits" (emphasis added), *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus; *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998); *see also Sheldon's Lessee* at 499 (the power to hear *and* determine a cause is jurisdiction); *Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, at ¶ 35 ("subject-matter jurisdiction refers to the constitutional or statutory power of a court to *adjudicate a case*" [emphasis added]);

22

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' *statutory* or constitutional *power* to *adjudicate* the case" [first and third emphasis added and second emphasis sic]); *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction is the court's statutory or constitutional power to adjudicate the case and "*involves* a court's power to hear a case" [emphasis added]). Subject-matter jurisdiction cannot be conferred by agreement or consent alone but must be based on the law. *See Commodity Futures Trading Comm. v. Schor*, 478 U.S. 833, 850-851, 92 L.Ed.2d 675, 106 S.Ct. 3245 (1986); *Colley v. Colley*, 43 Ohio St.3d 87, 92, 538 N.E.2d 410 (1989) (Moyer, C.J., dissenting). For the juvenile court to have subject-matter jurisdiction, it must have jurisdiction to hear *and to decide* the case before it. *Morrison* at 87; *Steel Co.* at 89.

{¶ 71} The majority opinion, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, points out that this court has stated that a judgment rendered by a court lacking jurisdiction over the particular case is merely voidable. This court did state in *Pratts* that " ' "[i]t is only when a trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable." ' " *Id.* at ¶ 12, quoting *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting), quoting *State v. Swiger,* 125 Ohio App.3d 456, 462, 708 N.E.2d 1033 (9th Dist.1998). This statement, when read alone, essentially states that when a court has subject-matter jurisdiction generally over the type of case before it but not over the specific case before it, any judgment rendered in the case is merely voidable. But we know that that interpretation is not what the court meant in *Pratts*. Rather, it was an attempt to state that when a court lacks subject-matter jurisdiction in a case, any judgment rendered in that case is void but when it improperly

exercises its jurisdiction in a case, the judgment rendered in the case is voidable. *Pratts* at ¶ 12; *Parker* at ¶ 20 (Cook, J., dissenting) (arguing that the majority in *Parker* confused subject-matter jurisdiction with defects in the court's exercise of jurisdiction).

**{¶ 72}** This conclusion is best supported by our recent decisions in *Harper* and *Henderson*. In *Harper*, this court held that "[w]hen a case is within a court's subject-matter jurisdiction *and* the accused is properly before the court, any error in the *exercise* of that jurisdiction * * * renders the court's judgment voidable." (Emphasis added.) *Id.*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 4. In *Henderson*, this court explained that a judgment is void only when a court lacks "jurisdiction over the subject matter of the case *or* personal jurisdiction over the accused." *Id.* at ¶ 27. Thus, for a court to render a valid judgment or a judgment that is merely voidable, the court must have subject-matter jurisdiction over the case—the authority to hear *and decide* the matter before the court—and personal jurisdiction over the parties. *Henderson* at ¶ 37.

**{¶ 73}** When we look at cases such as *Pratt*, that is, cases that originate in the court of common pleas, it is easy to see how this court reached the conclusion that the judgment was voidable. Common pleas courts have original subject-matter jurisdiction over all justiciable matters. *See* Article IV, Section 4, Ohio Constitution; *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20 (a common pleas court is a court of general jurisdiction with subject-matter jurisdiction that extends to all matters at law and in equity that are not denied to it); *but see Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 22, 423 N.E.2d 1070 (1981) (General Assembly has the power to define the jurisdiction of the courts of common pleas, and courts may exercise only such jurisdiction as is expressly granted to them). The court of common pleas had subject-matter jurisdiction in *Pratts*—it had the authority to hear criminal matters, specifically death-penalty matters. *Pratts* at ¶ 22-24. There was no dispute

that the court of common pleas had personal jurisdiction over Pratts. Therefore, the trial court simply erred in the exercise of its jurisdiction. *Id.* at ¶ 36.

**{¶ 74}** But that same analysis does not apply to the juvenile court in this case—a statutory court that has no general jurisdiction and has only the jurisdiction that has been provided by the General Assembly. *See Linger v. Weiss*, 57 Ohio St.2d 97, 100, 386 N.E.2d 1354 (1979) (Juvenile Rules cannot affect the jurisdiction of the juvenile courts as established by statute); *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 66 (juvenile courts are legislative creations); R.C. 2151.011(A) (defines "juvenile court" as used in the Revised Code); Article IV, Section 15, Ohio Constitution (laws may be passed to establish courts other than constitutional courts); *see also Morrison*, 32 Ohio St.2d at 88, 290 N.E.2d 841 (subject-matter jurisdiction of Ohio municipal courts is created and defined by statute). As the majority opinion recognizes, " ' "the focus is on whether the forum itself is competent to hear the controversy." ' " Majority opinion at ¶ 48, quoting *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 4, quoting *Harper* at ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be *confined to the rules that actually allocate judicial authority* among different courts" [emphasis added]). So, our focus must be on the statutes that provide the juvenile court with subject-matter jurisdiction.

### A juvenile court is a creature of statute: its jurisdiction is limited by the General Assembly

**{¶ 75}** Juvenile courts are not constitutional courts in Ohio. *See* Article IV, Section 1, Ohio Constitution. They are creatures of statute. *In re C.S.* at ¶ 66; R.C. 2151.011(A); Article IV, Section 15, Ohio Constitution. Since creating the first juvenile court almost 120 years ago, the General Assembly has enacted a comprehensive statutory scheme that governs matters related to juveniles. This scheme sets forth what a juvenile court is, establishes the parameters of a juvenile

court's jurisdiction, and dictates how a juvenile court must conduct its proceedings. *See* R.C. Chapters 2151 and 2152.

{¶ 76} A juvenile court generally is a division of a common pleas court, R.C. 2151.011(A)(1)(a), with a few exceptions that are not relevant here, R.C. 2151.011(A)(1)(b) and (c); R.C. Chapter 2153. The General Assembly explicitly addresses the jurisdiction of a juvenile court in several sections of the Revised Code, *e.g.,* R.C. 2151.07, 2151.23, 2151.233, and 2153.16 (jurisdiction of Cuyahoga County juvenile court). The "juvenile court is a court of record within the court of common pleas" and "has and shall exercise the powers and jurisdiction conferred in" R.C. Chapters 2151 and 2152. R.C. 2151.07.

{¶ 77} R.C. Chapter 2151 governs many matters involving juveniles, including abuse, neglect, and dependency proceedings. At the time of the proceedings in the matter before us, former R.C. 2151.23(A) granted the juvenile court "exclusive original jurisdiction under the Revised Code" in 16 situations, including in a case "[c]oncerning *any* child who on or about the date specified *in the complaint*, indictment, or information is *alleged* * * * to be * * * a delinquent, unruly, abused, neglected or dependent child." (Emphasis added.) Former R.C. 2151.23(A)(1), H.B. 410. But the juvenile court does not have unfettered jurisdiction to resolve abuse, neglect, and dependency proceedings. To retain its jurisdiction over a complaint alleging that a child is abused, neglected, or dependent, a juvenile court must comply with various deadlines and procedures set forth by the General Assembly.

{¶ 78} In abuse, neglect, and dependency cases, the General Assembly requires that the juvenile court hold a dispositional hearing. R.C. 2151.35(A). In former R.C. 2151.35(B)(1), the General Assembly precluded the juvenile court from adjudicating a case if the court failed to hold a dispositional hearing within 90 days after the complaint was filed. The statute specifically stated, "If the dispositional hearing is not held within the period of time required by this division,

the court, on *its own motion* or the motion of any party or the guardian ad litem of the child, *shall dismiss the complaint without prejudice*." (Emphasis added.) The General Assembly did not provide in the statute that a failure to comply with the dispositional-hearing deadline established in R.C. 2151.35(B)(1) would not deprive the court of jurisdiction, as it did in regard to deadlines for adjudicatory hearings, *see* R.C. 2151.28(A)(2) and (K). Thus, while the General Assembly granted jurisdiction to juvenile courts over complaints in which a child is alleged to be abused, neglected, or dependent in R.C. 2151.25(A)(1), it limited the courts' jurisdiction in former R.C. 2151.35(B)(1) by requiring the courts to hold a dispositional hearing within 90 days of the filing of the complaint or dismiss the complaint.

{¶ 79} Because a juvenile court is a creature of statute and its jurisdiction is limited to the authority granted in R.C. Chapters 2151 and 2152, any action other than a dismissal taken by the juvenile court after failing to hold the dispositional hearing within 90 days of the filing of the complaint is one taken without authority. Our jurisprudence on mandatory and discretionary statutes and void and voidable judgments requires us to hold that the judgments issued by the juvenile court in this matter are void.

**Noncompliance with a mandatory statute that affects jurisdiction renders proceedings "illegal and void"**

{¶ 80} Generally, a court has discretion to determine whether to dismiss a case or to reach its merits. *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239, ¶ 27. And juvenile courts, in the past, have been given latitude in complying with *jurisdictional* requirements. *Id.*, citing *Marion Cty. Children's Home v. Fetter*, 90 Ohio St. 110, 106 N.E. 761 (1914) (juvenile court was permitted to exercise jurisdiction over custody and control of a child even though divorce proceedings were commenced in another county). But this discretion does not extend so far as to permit noncompliance with the dismissal provision in former

R.C. 2151.35(B)(1). Recently, we interpreted former R.C. 2151.35(B)(1) as imposing a *mandatory*, not directory, deadline that "require[es] a juvenile court to dismiss a case without prejudice if the court fails to conduct a dispositional hearing within 90 days of the filing of a complaint alleging that a child is abused, neglected or dependent." *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, at ¶ 31. We held that compliance with the provision was required. *Id.*

{¶ 81} Our determination that the dismissal provision in former R.C. 2151.35(B)(1) is mandatory and not directory is important to the analysis in this case. A directory statute "is one where noncompliance will not invalidate the proceedings to which it relates." *Farrar*, 146 Ohio St. at 472, 66 N.E.2d 531, citing *Rambeck v. La Bree*, 156 Minn. 310, 314, 194 N.W. 643 (1923), *State ex rel. Ellis v. Brown*, 326 Mo. 627, 633, 33 S.W.2d 104 (1930), and *Stiner v. Powells Valley Hardware Co.*, 168 Tenn. 99, 75 S.W.2d 406, 407-408 (1934). This means that a directory statute is not to be disregarded, but the consequences of failing to comply are generally for a court to determine. *Ellis* at 633. A mandatory statute, however, relates to "the essence of the act to be performed or to matters of substance." *Farrar* at paragraph two of the syllabus. Noncompliance with a mandatory statute "will render illegal and void the steps or acts to which it relates or for which it provides." *Id.* at paragraph one of the syllabus; *accord State ex rel. Smith v. Barnell*, 109 Ohio St. 246, 255, 142 N.E. 611 (1924); *In re Davis*, 84 Ohio St.3d 520, 522, 705 N.E.2d 1219 (1999); *Kyes v. Pennsylvania RR. Co.*, 158 Ohio St. 362, 367, 109 N.E.2d 503 (1952) (noncompliance with a directory statute did not render proceedings void).

{¶ 82} Generally, timing provisions in statutes are directory in nature and thus do not affect jurisdiction. *Farrar* at paragraph three of the syllabus; *In re Davis* at 522-523. They will be treated as directory " 'unless the nature of the act to be performed or the phraseology of the statute or of the other statutes relating to the same subject-matter is such that the designation of time *must be considered a limitation upon the power of the officer*.' " (Emphasis added.) *In re Davis* at 522,

28

quoting *Barnell* at 255. We determined in *In re K.M.* that because former R.C. 2151.35(B)(1) "does contain an express limitation on a juvenile court's authority for failure to comply with a statutory deadline," the statute was mandatory. *In re K.M.* at ¶ 23.

{¶ 83} The majority opinion contends that simply holding that the dismissal provision in former R.C. 2151.35(B)(1) is mandatory does not mean that it is jurisdictional. *See In re R.B.*, 162 Ohio St.3d 281, 2020-Ohio-5476, 165 N.E.3d 288, ¶ 42. It is true that we have found some provisions to be mandatory and yet have concluded that they did not affect jurisdiction. *See id.* at ¶ 42; *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 31; *Pryor v. Dir., Dept. of Job & Family Servs.*, 148 Ohio St.3d 1, 2016-Ohio-2907, 68 N.E.3d 729, ¶ 15; *Spencer v. Freight Handlers, Inc.*, 131 Ohio St.3d 316, 2012-Ohio-880, 964 N.E.2d 1030, ¶ 19. However, in those cases, there was no language that indicated that the trial court lost jurisdiction when the court failed to comply with the statutes. *See In re R.B.* at ¶ 42; *see May* at ¶ 30-31; *see also Pryor* at ¶ 18 (the requirement under R.C. 4141.282(D) that an appellant name all interested parties in its notice of the appeal was not jurisdictional, because that subsection did not include express language like the language contained in R.C. 4141.282(C), which stated that the timely filing of an appeal was "the only act required" to vest jurisdiction in the court); *State v. Martin*, 154 Ohio St.3d 513, 2018-Ohio-3226, 116 N.E.3d 127, ¶ 27 ("R.C. 2152.021's mandates are not jurisdictional," because the statute contains no jurisdictional provisions). To determine whether a mandatory statute is jurisdictional, we look for language that either expressly divests a court of jurisdiction or mandates a remedy, such as dismissal, for a court's failure to adhere to the requirement that shows a loss of jurisdiction.

{¶ 84} *In re R.B.*, which was decided after *In re K.M.*, illustrates this analysis. This court held that a provision of R.C. 2152.84 that sets the time for holding a review hearing when a juvenile completes his disposition, is *mandatory*

based upon the use of "shall" in the statute but nevertheless found that the provision is not jurisdictional, because the statute does not include language "indicating that a failure to comply with this timing requirement divests the juvenile court of jurisdiction" or "specify[ing] a remedy for a court's failure to adhere to the timing requirement." *Id*. at ¶ 42. In the absence of language that creates a jurisdictional barrier, this court "will be reluctant to find one." *Id*.

{¶ 85} The majority opinion contends that because the General Assembly did not include an express termination provision similar to R.C. 2151.353(K), the General Assembly did not intend to limit the juvenile court's subject-matter jurisdiction. But such language is not needed to create a jurisdictional barrier— what is needed is language that necessarily implicates the court's jurisdiction. *See In re R.B.* at ¶ 42*; see May* at ¶ 31*; see also Pryor* at ¶ 18.

{¶ 86} The General Assembly made a clear and unequivocal statement in plain language in R.C. 2151.35(B)(1) to deprive a juvenile court of jurisdiction when it fails to comply with the 90-day dispositional-hearing provision: "If the dispositional hearing is not held within the period of time required by this division, the court, on *its own motion* or the motion of any party or the guardian ad litem of the child, *shall dismiss the complaint without prejudice*." (Emphasis added.) "If the General Assembly had intended for a juvenile court to proceed with dispositional determinations beyond the 90-day time limit in [former] R.C. 2151.35(B)(1), it could have added language to that effect." *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, at ¶ 24. And if the General Assembly had intended for a juvenile court to retain jurisdiction after failing to comply with R.C. 2151.35(B)(1), it could have said so in language similar to that it used in R.C. 2151.28(K) for a violation of the timing requirement for an adjudicatory hearing held under R.C. 2151.28(A). So while former R.C. 2151.35(B)(1) may not be a provision that explicitly grants jurisdiction, like R.C. 2151.07, 2151.23(A)(1), or 2151.353(F)(1) does, *see* majority opinion at ¶ 53, it is obvious that the dismissal

provision goes to the subject-matter jurisdiction of the juvenile court, because it is a clear expression of the General Assembly's intent to restrict the jurisdiction of the court by removing the court's authority to adjudicate the case if a hearing was not timely held. *See In re Davis*, 84 Ohio St.3d at 522, 705 N.E.2d 1219; *id*. at 525-526 (Resnick, J., concurring); *id*. at 526 (Moyer, C.J., dissenting); *In re K.M.* at ¶ 24.

{¶ 87} The majority opinion's failure to construe former R.C. 2151.35(B)(1) to limit jurisdiction is not only contrary to the statute's plain language but is also contrary to the intent of the legislature. When construing a statute, our primary concern is legislative intent. *Davis v. Davis*, 115 Ohio St.3d 180, 2007-Ohio-5049, 873 N.E.2d 1305, ¶ 13. The General Assembly stated its intent that the statutes in R.C. Chapter 2151 be "liberally interpreted and construed" to provide judicial procedures through which R.C. Chapters 2151 and 2152 are executed and enforced and in which the legal rights of the parties are recognized and enforced. R.C. 2151.01(B). Former R.C. 2151.35(B)(1) sets forth one of those procedures that must be enforced to fully acknowledge the legal rights of the parents. *See Lassiter v. Durham Cty., North Carolina, Dept. of Social Servs.*, 452 U.S. 18, 27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (a parent's interest in the accuracy and justice of parental-termination proceedings is a commanding one); *Santosky v. Kramer*, 455 U.S. 745, 754, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (parents have an interest in procedural protections when the state intervenes in family affairs). The General Assembly specifically stated that the court *shall dismiss the complaint* without prejudice when the dispositional hearing deadline was not met. The provision is intended to meet the purpose of providing a judicial procedure for parents but to also provide care for the child to separate the child "only when necessary for the child's welfare or in the interests of public safety." R.C. 2151.01(A). Construing the dismissal provision in R.C. 2151.35(B)(1) to be

anything less than a jurisdictional requirement is inconsistent with the legislature's desire to enforce its procedural requirements to protect families.

{¶ 88} And lastly, for this court to hold that the dismissal requirement in R.C. 2151.35(B)(1) does not deprive the juvenile court of subject-matter jurisdiction, it must ignore this court's and the United States Supreme Court's long-standing definition of "subject-matter jurisdiction." As we know, subject-matter jurisdiction is the authority not only to hear the action but also to *determine* or *adjudicate* the action. *Morrison*, 32 Ohio St.2d at 87, 290 N.E.2d 841; *Sheldon's Lessee*, 3 Ohio St. at 499; *Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, at ¶ 35; *Steel Co.*, 523 U.S. at 89, 118 S.Ct. 1003, 140 L.Ed.2d 210. The General Assembly grants the juvenile court authority to *hear* an abuse, neglect and dependency case after the filing of a complaint in R.C. 2151.23(A)(1). But the General Assembly limited the juvenile court's authority to *determine* or *adjudicate* the complaint when it required the court to *dismiss the complaint* without prejudice if the 90-day dispositional-hearing requirement was not met. Former R.C. 2151.35(B)(1); *In re K.M.* at ¶ 30-31. This is true in every abuse, neglect, and dependency case that reaches that stage of the proceedings.

{¶ 89} While one could argue that this limit on a juvenile court's subject-matter jurisdiction is unenforceable because once subject-matter jurisdiction has attached or been conferred, it remains, *see Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 34; *see also Sheldon's Lessee* at 499; *Pizza*, 62 Ohio St.3d at 385, 582 N.E.2d 992 (collecting cases in which directory statutes did not deprive a court or official of jurisdiction to proceed), this argument fails in this case because a juvenile court does not have the same jurisdiction as a constitutional court—its jurisdiction is limited. Article IV, Section 1 of the Ohio Constitution provides that judicial power is vested in "such other courts inferior to the Supreme Court as may from time to time be established by law." The statement in *Pratts* that subject-matter jurisdiction remains once it is conferred is true only if the

General Assembly has not provided some exception to the juvenile court's subject-matter jurisdiction.  *See* Article IV, Sections 1 and 4, Ohio Constitution.

**{¶ 90}** The General Assembly established the subject-matter jurisdiction of the juvenile court in abuse, neglect, and dependency cases and limited that jurisdiction under former R.C. 2151.35(B)(1).  This court cannot ignore that limitation, much less ignore one of the mandatory laws set forth by the General Assembly.  Contrary to the majority opinion's assertion, statutory-timing requirements can affect subject-matter jurisdiction especially when that statutory-timing requirement affects the jurisdiction of a statutorily created court.  Therefore, while the juvenile court in this matter had subject-matter jurisdiction originally, it did not retain that jurisdiction after failing to hold a dispositional hearing within 90 days after the complaint was filed.  Because the juvenile court did not have the authority to hear *and decide* the case, any judgments rendered by the juvenile court once the dispositional hearing was not timely held were void.

### Conclusion

**{¶ 91}** Because a juvenile court is a statutory court and the General Assembly sets the court's jurisdiction, a juvenile court's failure to follow former R.C. 2151.35(B)(1) will result in a void judgment, as the provision in that statute is mandatory and affects the court's subject-matter jurisdiction.  Therefore, I believe that the judgments issued by the juvenile court in these abuse, neglect, and dependency cases were void ab initio.  The judgment of the Twelfth District Court of Appeals should be affirmed and the certified question answered in the negative.

**{¶ 92}** I fully understand that voiding adjudications of abuse, neglect, and dependency proceedings may affect cases involving the termination of parental rights, adoptions, and other custody matters that rely on those adjudications.  Additionally, I acknowledge the other concerns raised by the parties in this case, many of which were also asserted in *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245.  While these concerns are valid, and they tempt me to join

the majority opinion, they are not enough for me to disregard my duties as a justice and favor policy over the law. *See* R.C. 3.23 (judicial oath of office to support the Constitutions, administer justice, and faithfully and impartially discharge and perform all duties of a Supreme Court justice); *In re K.M.* at ¶ 30. Such matters must be left to the General Assembly. *See Kaminski v. Metal & Wire Prods. Co*., 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, ¶ 61.

{¶ 93} For those reasons, I respectfully dissent.

_____

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellant.

Jeannine Barbeau, for appellee A.T.

Dawn S. Garrett, for appellee M.K. Jr.

Brian Davidson, Emily Edwards, and Tiffany Alston, urging reversal for amicus curiae Legal Aid Society of Southwest Ohio, L.L.C.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association and Cuyahoga County Division of Children and Family Services.

_____